**In re Cheryl R. MUSE, Debtor.**

**Richard Muse, Plaintiff,**

v.

**Cheryl R. Muse, Defendant.**

**Bankruptcy No. 02–20925BM.**
**Adversary No. 02–2694–BM.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 7, 2003.

Martha E. Bailor, Esq., Pittsburgh, PA, for Plaintiff.

George T. Snyder, Esq., Stonecipher, Cunningham, Beard & Schmitt, Pittsburgh, PA, for Defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor Cheryl Muse has brought a motion to dismiss the above adversary action brought by plaintiff Richard Muse, her former husband, wherein he objects pursuant to § 523(a)(2)(A) of the Bankruptcy Code to the discharge of a debt allegedly owed to him by debtor. She asserts that the complaint was untimely.

Plaintiff denies that the complaint was untimely and opposes dismissal of the adversary action.

The motion to dismiss will be granted for reasons set forth below.

### – FACTS –

Plaintiff and debtor formerly were husband and wife. Prior to the filing of debtor's bankruptcy petition, they were embroiled in a bitter divorce proceeding in the Court of Common Pleas of Allegheny County, Pennsylvania. The record is devoid of information concerning what transpired in the proceeding.

Debtor filed a voluntary chapter 7 proceeding in this court on January 28, 2002. The schedules accompanying the petition listed assets with a total declared value of $22,181 and liabilities totaling $74,753. Plaintiff is listed on Schedule F as having a disputed nonpriority claim in the amount of $22,000 for "Divorce/Equitable Distribution". He is identified on Schedule H as a co-debtor with respect to six debts listed elsewhere in the schedules. His address is listed on Schedule H as 224 Webster Drive, Pittsburgh, Pennsylvania.

Plaintiff also appears on the mailing matrix of creditors. His mailing address there initially was listed as it appears on Schedule F—i.e., 244 Webster Drive. An unknown scrivener, however, holographically altered this mailing address with a pen and changed it to 224 Webster Drive.

The clerk of the bankruptcy court mailed a notice to creditors listed on the mailing matrix informing them that a chapter 7 proceeding involving debtor had been filed on January 28, 2002. The notice set March 11, 2002, as the initial date for the § 341(a) meeting of creditors and set May 10, 2002, sixty days thereafter, as the deadline for filing a complaint to determine the dischargeability of any debt.

The certificate of service attached to the notice in the case file indicates that the notice was served upon debtor by first class mail on February 2, 2002. It was mailed, however, to 224 Webster Drive instead of 244 Webster Drive, debtor's correct address. There is no indication in the case file that the notice was returned to the sender.

The § 341(a) meeting was held as scheduled on March 11, 2002. Aside from the chapter 7 trustee, debtor and her bankruptcy counsel were the only persons in attendance. Plaintiff did not appear.

At some unspecified time after January 28, 2002, counsel to plaintiff in the divorce proceeding informed debtor and her counsel that plaintiff would present a motion in the divorce proceeding to compel and for sanctions. Counsel to debtor responded on February 22, 2002, and sent a letter to counsel to plaintiff in both the divorce proceeding and in the present matter. The first paragraph stated as follows:

I have received your Motion to Compel and for Sanctions. You should have already been advised that Sherry Muse has filed for bankruptcy and is being represented by George Snyder, Esquire, at the Stonecipher Law Firm. If there has not already been a suggestion of bankruptcy filed with the Court of Common Pleas I will make sure that one is filed immediately. In any event the law is clear that the court cannot compel payment of the fees you are requesting as a result of the bankruptcy filing nor can the court award sanctions. I would request therefore that you withdraw your Motion.

Counsel to plaintiff has admitted to receiving the letter shortly after it was sent on February 22, 2002.

The record does not indicate what became of plaintiff's motion to compel and for sanctions. In particular, there is no indication whether plaintiff ever presented the motion and, if he did, what the disposition of it was.

On March 15, 2002, a few days after conducting the § 341(a) meeting, the chapter 7 trustee reported that no assets were available from the bankruptcy estate for distribution to debtor's creditors.

On May 15, 2002, shortly after the deadline for objecting to debtor's discharge in general or to the discharge of any particular debt had passed without any such objections being filed, debtor was granted a discharge in accordance with § 727 of the

Bankruptcy Code. The case then was closed on May 21, 2002.

On September 5, 2002, more than three months after debtor's case was closed, plaintiff brought a motion to reopen it so that he could bring an adversary action seeking a determination that the debt owed to him by debtor was excepted from discharge by § 523(a)(2)(A) of the Bankruptcy Code. Debtor argued that the deadline for bringing such an action had long since passed and on that basis opposed plaintiff's motion.

Proceeding out of an abundance of caution, we granted the motion to reopen after oral argument was heard on October 16, 2002. We did so while reserving the question whether the complaint was untimely. The order granting the motion, which counsel to plaintiff prepared, directed plaintiff to file his adversary proceeding within thirty days of October 16, 2002.

Thirty-three days later—i.e., on November 18, 2002,—plaintiff finally filed a complaint at Adversary No. 02–2694 wherein he alleged that debtor owed him a debt in the amount of $35,000 which arose as a result of fraud on debtor's part and which therefore was excepted from discharge in accordance with § 523(a)(2)(A).

On December 30, 2002, debtor brought a motion to dismiss the complaint as untimely. Debtor asserted that it should be dismissed because, among other things, the deadline established by Federal Rule of Bankruptcy Procedure 4007(c) had passed long before the complaint was filed.

Oral argument on debtor's motion and plaintiff's opposition thereto was heard on February 19, 2003.

## – DISCUSSION –

■ To the extent that a debt owed by an individual debtor is for money obtained by actual fraud, it is excepted from discharge by § 523(a)(2)(A) of the Bankruptcy Code. 11 U.S.C. § 523(a)(2)(A).

Except as provided in § 523(a)(3)(B) of the Bankruptcy Code, a debt of the kind specified in § 523(a)(2)(A) is automatically discharged unless, after notice and a hearing requested by a creditor to whom the debt is owed, the court determines that the debt is excepted from discharge by § 523(a)(2). 11 U.S.C. § 523(c)(1).

Bankruptcy Rule 4007(c) sets forth the deadline in a chapter 7 case for filing a complaint to determine the dischargeability of a debt falling within the scope of § 523(c)(1). It provides as follows:

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Federal Rule of Bankruptcy Procedure 4007(c).

The clerk of the bankruptcy court, or such other person as the court may direct, is required to give all creditors at least twenty days' notice by mail of the § 341(a) meeting of creditors and of the deadline for filing a complaint to determine the dischargeability of a debt as provided for in Rule 4007(c). Federal Rule of Bankruptcy Procedure 2002(a)(1) and (f)(5).

It was noted previously that the deadline in this case for filing a complaint brought pursuant to § 523(a)(2)(A) was May 10, 2002, exactly sixty days after the first date set for the § 341(a) meeting. The complaint in this adversary action, howev-

er, was not filed until two hundred and fifty-two days after the first date set for the § 341(a) meeting.

Instead of filing the complaint on or before May 10, 2002, plaintiff brought a motion on September 5, 2002, some one hundred and eighteen days *after* the deadline had passed, requesting the reopening of debtor's bankruptcy case so that he could file such a complaint. The order reopening debtor's case gave plaintiff thirty days from October 16, 2002, to file his complaint. The thirty-day period in which to file the complaint was specifically requested by plaintiff himself. Due to some unspecified error on the part of plaintiff's counsel in counting the days, however, the complaint was not filed until thirty-three days later on November 18, 2002.

In an attempt to avoid the seemingly straightforward conclusion that his complaint was untimely, plaintiff asserts that the requirement set forth in the second sentence of Rule 4007(c) was not complied with in this instance. According to plaintiff, he never received the required formal notification by mail from the clerk of this court of debtor's bankruptcy filing and of the deadline for filing a complaint objecting to the discharge of the debt owed to him by debtor. The notice establishing the deadline for filing such a complaint, plaintiff avers, was mailed to the wrong address at 224 Webster Drive instead of the correct address at 244 Webster Drive. Plaintiff insists that he never received the notice mailed to 224 Webster Drive or, for that matter, any other mailed notice.

Plaintiff's assertion that the prescribed deadline should not be enforced and that his complaint should be considered untimely is without merit.

We need not determine whether plaintiff ever received by mail the required thirty days' formal notice from the clerk of the May 10, 2002, deadline. Even if we accept as true plaintiff's assertion that he never received formal notice by mail from the clerk of the deadline, we conclude that plaintiff had *actual knowledge* of debtor's bankruptcy filing by no later than February 23, 2002, some sixteen days prior to the § 341(a) meeting and some seventy-seven days prior to the May 10, 2002, deadline.

Plaintiff's assertion that the letter dated February 22, 2002, from counsel to debtor in the divorce proceeding to plaintiff's counsel, quoted in part previously, did not provide plaintiff with actual knowledge of debtor's bankruptcy filing is patently absurd. Even if plaintiff's counsel distrusted debtor's divorce counsel and thought him altogether untrustworthy, we believe that a reasonable person would, at the very least, have taken steps after receiving the letter to confirm or disconfirm whether debtor had in fact filed a bankruptcy petition.

■ It is a well-established and widely-held rule that a creditor having actual knowledge of a bankruptcy filing and a reasonable opportunity to object to the discharge of a debt pursuant to § 523(a)(2)(A) may *not* file an a complaint after the prescribed deadline for doing so has passed. *See In re Williamson,* 15 F.3d 1037, 1039 (11th Cir.1994); *Matter of Compton,* 891 F.2d 1180, 1185–86 (5th Cir. 1990); *In re Green,* 876 F.2d 854, 856 (10th Cir.1989); *In re Price,* 871 F.2d 97, 99 (9th Cir.1989); *In re Alton,* 837 F.2d 457, 459 (11th Cir.1988); and *Neeley v. Murchison (In re Murchison),* 815 F.2d 345, 347 (5th Cir.1987).

■ The letter of February 22, 2002, referring to debtor's bankruptcy filing provided plaintiff ample opportunity to file a complaint long before the May 10, 2002, deadline had passed. It was incumbent upon plaintiff to be vigilant in protecting

his rights and to determine for himself the deadline for objecting to the discharge of the debt owed to him by debtor.

The interplay of § 523(c)(1) and Rule 4007(c), which implements § 523(c)(1), is instructive in this regard.

According to § 523(c)(1), a debt of the kind described in § 523(a)(2) generally is automatically discharged *unless* the creditor to whom it is owed requests and obtains a determination that the debt is excepted from discharge.

The exception to this general rule is set forth at § 523(a)(3)(B). According to this provision, a debt is *not* discharged if: (1) the debt is not scheduled; and (2) the creditor to whom the debt is owed had neither notice not *actual knowledge* of the bankruptcy case in time to file a claim and seek a dischargeability determination. *Neeley*, 815 F.2d at 347. It follows from this that a creditor whose debt is not scheduled but who nevertheless has actual knowledge of the bankruptcy filing in time to request a dischargeability determination in accordance with Rule 4007(c) *must* act in a timely manner to avoid having the debt discharged. Formal notice from the clerk of the bankruptcy court is not necessary.

The only salient difference between our case and the just-described scenario is that the debt owed to the creditor in our case was scheduled. As was the case in the just-described scenario, however, the creditor in our case has actual knowledge, if not formal notice, of the bankruptcy filing.

There is no good reason why a scheduled creditor with actual knowledge but no formal notice of a bankruptcy filing should be in a better position when it comes to objecting to the discharge of a debt in a timely manner in accordance Rule 4007(c) than an unscheduled creditor with actual knowledge but no formal notice of a bank-

ruptcy case. Bankruptcy Rules 2002 and 4007(c) only prescribe the procedure to be followed when formal notice is present. They do not speak to a situation in which, notwithstanding the absence of formal notice, a creditor has actual knowledge of a bankruptcy proceeding. *GAC Enterprises v. Medaglia (In re Medaglia)*, 52 F.3d 451, 454 (2d Cir.1995).

Dismissal is warranted even when the clerk of the bankruptcy court has not formally notified a creditor of the dischargeability deadline if the creditor nevertheless has actual knowledge of the bankruptcy filing in time to comply with the deadline. *Neeley*, 815 F.2d at 347; *In re Rhodes*, 61 B.R. 626, 630 (9th Cir. BAP 1986).