# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

_____

No. 03-6044WA

_____

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Kim L. Nordin and Tracey A. Nordin, | * | |
| | * | |
| Debtors. | * | |
| | * | |
| Carol Palmer, | * | |
| | * | |
| Creditor-Appellant, | * | Appeal from the United States |
| | * | Bankruptcy Court for the |
| v. | * | Western District of Arkansas |
| | * | |
| Kim L. Nordin and Tracey A. Nordin, | * | |
| | * | |
| Debtors-Appellees. | * | |

_____

Submitted: October 10, 2003
Filed: October 16, 2003

_____

Before KRESSEL, Chief Judge, SCHERMER and DREHER, Bankruptcy Judges.

_____

KRESSEL, Chief Judge.

Carol Palmer, appeals from an order of the bankruptcy court[1] denying her motion to extend the time to file a complaint to determine the dischargeability of a debt.[2] Because we conclude that the bankruptcy court did not err, we affirm.

## BACKGROUND[3]

On January 27, 2003, the debtors filed a Chapter 7 case. Notice establishing February 27, 2003 as the date for the meeting of creditors, and setting April 28, 2003 as the deadline to file a complaint objecting to the discharge of the debtor or to determine the dischargeability of certain debts, was mailed. The date for the meeting of creditors was later changed to March 20, 2003.

At the March 20, 2003 meeting of creditors, the trustee continued the meeting of creditors to April 17, 2003. On April 3, 2003, the bankruptcy court sent notice to all creditors notifying them of the continued date for the meeting of creditors.

On May 1, 2003, Palmer wrote a letter to the bankruptcy judge. In the letter, Palmer claimed that she did not receive adequate notice regarding the original deadline. The court treated this letter as a motion to extend the time to file dischargeability complaints.

---

[1] The Honorable Richard D. Taylor, United States Bankruptcy Judge for the Eastern and Western Districts of Arkansas.

[2] Palmer consistently refers to "objecting to discharge of debt." It is clear from her pleadings that what she wants is a determination that her debt is excepted from discharge.

[3] Both parties have included facts in their briefs and other submissions which do not appear in the record. We limit our discussion to the facts that appear in the record.

On July 1, 2003, a hearing on Palmer's motion was held and on July 9, 2003, the bankruptcy court entered an order denying Palmer's motion. It is from that order that Palmer appeals. Because we conclude that the bankruptcy court had no authority to extend the time, we affirm.

## STANDARD OF REVIEW

Since the disposition of the motion is based solely on an interpretation of law, we review the bankruptcy court's decision de novo. *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000); *Wendover Fin. Servs. v. Hervey (In re Hervey)*, 252 B.R. 763, 765 (B.A.P. 8th Cir. 2000).

## DISCUSSION

Of the nineteen exceptions to discharge in 11 U.S.C. § 523(a), all but four are self effectuating. That is, most of the debts are excepted from discharge by operation of § 523(a) and simply survive the discharge.[4] However, a creditor who has a debt of the kind described in subsections (2), (4), (6) or (15) of § 523 must file a complaint and have the debt's dischargeability determined by the bankruptcy court. That is because 11 U.S.C. § 523(c)(1) provides:

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), (6), or (15) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), (6), or (15), as the case may be, of subsection (a) of this section.

---

[4] Of course, frequently the parties disagree about whether a certain debt falls within one of those exceptions, and a court will have to make a determination of the debt's dischargeability.

3

Rule 4007(c) of the Federal Rules of Bankruptcy Procedure provides that a complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c), "shall be filed not later than 60 days following the first date set for the meeting of creditors." Fed.R.Bankr.P. 4007(c). The rule further states: "On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id*. "Rule 4007 of the Federal Rules of Bankruptcy Procedure establish[es] time limits for filing complaints...[to determine] the dischargeability of a debt. These rules are analogous to statutes of limitations and are strictly construed." *In re Perkins*, 271 B.R. at 611 (quoting *KBHS Broadcasting Co., Inc. v. Sanders (In re Bozeman)*, 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998)). Since Palmer's motion was not filed before the deadline, the bankruptcy court had no authority under the rules to grant an extension and properly denied her motion.

This result is enforced by Rule 9006(b) which deals with the court's authority to enlarge time. As a general proposition, the court can grant a request for an enlargement of time made after the original time has expired if the movant can demonstrate excusable neglect. Fed.R.Bankr.P. 9006(b)(1). However, that authority is limited by subdivision (3) which provides: "The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), *4007(c)*, 8002, and 9033, only to the extent and under the conditions stated in those rules." Fed.R.Bankr.P. 9006(b)(3) (emphasis added).

Palmer's principal argument is that she had insufficient notice. The Bankruptcy Code provides a remedy under such circumstances. 11 U.S.C. § 523(a)(3) provides an exception to discharge for any debt:

> neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit-

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B). There is no deadline in the rules for the filing of a complaint under § 523(a)(3).

## CONCLUSION

The order of the bankruptcy court is affirmed.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE
PANEL, EIGHTH CIRCUIT.