# United States Bankruptcy Appellate Panel
## FOR THE EIGHTH CIRCUIT

No. 03-6024NI

| | | |
|---|---|---|
| In re: | * | |
| | * | |
| Kevin Harbaugh, | * | |
| | * | |
| Debtor. | * | |
| | * | |
| | * | Appeal from the United States |
| Taryn Le Grand, by next friend | * | Bankruptcy Court for the |
| Shelley Le Grand, | * | Northern District of Iowa |
| | * | |
| Creditor - Appellant. | * | |
| | * | |
| v. | * | |
| | * | |
| Kevin Harbaugh, | * | |
| | * | |
| Debtor - Appellee. | * | |
| | * | |

Submitted:  October 1, 2003
Filed: October 29, 2003

Before KRESSEL, Chief Judge, MAHONEY, and VENTERS, Bankruptcy Judges.

MAHONEY, Bankruptcy Judge.

This is an appeal from an order of the bankruptcy court[1] dated May 8, 2003, denying the appellant creditor's request for enlargement of time to file a dischargeability complaint. For the reasons stated below, we affirm.

Factual and Procedural Background

At the time this bankruptcy case was filed, appellant Shelly Le Grand as mother and next friend of debtor's minor daughter Taryn Le Grand was pursuing a state court lawsuit on the child's behalf against the debtor for intentional infliction of emotional distress arising from alleged sexual abuse by the debtor. The state court entered a judgment order for $25,000, pursuant to debtor's confession of judgment. The order was entered the day after debtor filed his Chapter 7 bankruptcy petition. The debtor included the $25,000 judgment in his Schedule F, listing the creditor as Shelly Le Grand in care of the attorney representing her in the state court lawsuit. Ms. Le Grand's name was listed in the same manner in the creditors' matrix, in care of her attorney at the attorney's office address. Taryn Le Grand is not listed as a creditor.

The deadline to file a complaint objecting to discharge or to file a complaint to determine the dischargeability of certain debts was Friday, April 11, 2003. Ms. Le Grand's attorney faxed a document styled as a complaint under both § 727 and § 523 to the Clerk of the Bankruptcy Court on that date. After consultation with the court, the clerk notified Ms. Le Grand's attorney that faxed documents are not accepted for filing and that the document contained other deficiencies to be corrected before it could be filed as a dischargeability complaint. Counsel was unable to revise the document and deliver it to the court before the deadline passed, but on April 16, 2003, filed a request for enlargement of time.

---

[1]The Honorable Paul J. Kilburg, Chief Judge, United States Bankruptcy Court for the Northern District of Iowa.

After a telephonic hearing on April 24, 2003, the court denied the request, ruling that it has no discretion to enlarge the time for filing such complaints when the request is untimely made. The court further found that notices regarding the case which were sent to Ms. Le Grand's attorney should be imputed to Ms. Le Grand, so any delay attributable to how and when Ms. Le Grand learned of her status as a creditor in the case could not excuse the untimely filing of the dischargeability complaint. The court therefore ruled that the claim of Ms. Le Grand on behalf of Taryn Le Grand was included in the debtor's discharge. Ms. Le Grand now appeals.

Standard of Review

On appeal, we review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.), 296 B.R. 188, 192 (B.A.P. 8th Cir. 2003); Blackwell v. Lurie (In re Popkin & Stern), 223 F.3d 764, 765 (8th Cir. 2000). Matters committed to the bankruptcy court's discretion will be reversed only if the court has abused its discretion. City of Sioux City, Iowa v. Midland Marina, Inc. (In re Midland Marina, Inc.), 259 B.R. 683, 686 (B.A.P. 8th Cir. 2001). An abuse of discretion may only be found if the trial court's judgment was based upon clearly erroneous factual findings or erroneous legal conclusions. Bunch v. Hoffinger Indus., Inc. (In re Hoffinger Indus., Inc.), 292 B.R. 639, 642 (B.A.P. 8th Cir. 2003). A finding of fact will not be reversed as clearly erroneous unless the reviewing court is left with a definite and firm conviction that a mistake has been committed. Wintz v. American Freightways, Inc. (In re Wintz Cos.), 230 B.R. 840, 844 (B.A.P. 8th Cir. 1999) (citing Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 711 (8th Cir.1996)).

Discussion

The first issue is whether Ms. Le Grand's attempt to file by fax on the deadline should have been permitted. The bankruptcy court appropriately ruled that the faxed document did not constitute a timely or proper filing.

Federal Rule of Bankruptcy Procedure 5005(a)(2) authorizes local courts to permit electronic filing. However, the rule does not require courts to do so. If a court does not have a local rule authorizing fax filings, fax filings are not permitted.

The Bankruptcy Court for the Northern District of Iowa has adopted Local Rule 5005-4(b)(1), which states:

> Filing papers by FAX is not permitted. Material for filing may be sent to the clerk by facsimile transmission in limited emergency situations only after express authorization by the court.

The First Circuit put it bluntly: "Absent a local rule authorizing the practice, facsimile filings in a federal court are dead on arrival." <u>McIntosh v. Antonino</u>, 71 F.3d 29, 35 (1st Cir. 1995).

In this case, the court approved and follows a local rule prohibiting fax filings absent express authorization from the judge. The creditor in this case did not obtain such authorization, so the faxed document was not a valid filing and the court did not err in refusing to accept it.

The second issue is whether the court erred in denying Ms. Le Grand's request for enlargement of time. Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) of 60 days after the first date set for the meeting of creditors. The rule

4

permits the court to extend that deadline for cause. However, the motion for extension "shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c).

Federal Rule of Bankruptcy Procedure 9006(b) governs enlargements of time in which to perform an act required or allowed under the rules. Rule 9006(b)(3) states, "The court may enlarge the time for taking action under Rule[] . . . 4007(c) . . . only to the extent and under the conditions stated in [that rule]."

As noted above, Rule 4007(c) permits an extension of time only when the request is filed before the time has expired. In this case, the request for extension was not properly filed before the deadline, so the court had no authority to grant the request. See Palmer v. Nordin (In re Nordin), Case No. 03-6044WA, slip op. at 4 (B.A.P. 8th Cir. Oct. 16, 2003).

"Rules 4004 and 4007 of the Federal Rules of Bankruptcy Procedure establish time limits for filing complaints objecting to discharge of a debtor or to dischargeability of a debt. These rules are analogous to statutes of limitations and are strictly construed." KBHS Broad. Co. v. Sanders (In re Bozeman), 226 B.R. 627, 630 (B.A.P. 8th Cir. 1998). However, Rules 4004 and 4007 are not jurisdictional and are subject to the defenses of waiver, estoppel, and equitable tolling. Block v. Moss (In re Moss), 266 B.R. 408, 414 (B.A.P. 8th Cir. 2001), aff'd, 289 F.3d 540, 542 (8th Cir. 2002); Landmark Cmty. Bank v. Perkins (In re Perkins), 271 B.R. 607, 611-12 (B.A.P. 8th Cir. 2002).

The creditor asserts that she did not receive adequate notice of the bankruptcy case. The Bankruptcy Code addresses such a circumstance in 11 U.S.C. § 523(a)(3). Under that section, entry of a discharge does not discharge any debt —

5

neither listed nor scheduled under section 521(l) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit —

\* \* \*

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3)(B).

The rules do not contain a deadline for filing a complaint under § 523(a)(3). See Nordin, supra, at 4-5 and Federal Rule of Bankruptcy Procedure 4007(b).

The debtor bears the initial burden under § 523(a)(3) regarding adequacy of notice. Wright v. Gulf Ins. Co. (In re Wright), 266 B.R. 848, 851 (Bankr. E.D. Ark. 2001); see also Eldridge v. Waugh (In re Waugh), 172 B.R. 31, 34 (Bankr. E.D. Ark. 1994), rev'd on other grounds, 198 B.R. 545 (E.D. Ark. 1995), aff'd, 95 F.3d 706 (8th Cir. 1996).

In this case, no evidentiary record was made at the hearing on Ms. Le Grand's request for extension of time. Moreover, the audiotape of the telephonic hearing is unavailable, so no transcript of the hearing was made a part of the appellate record. However, the record from the trial court is unnecessary for purposes of this determination that the creditor's § 523(a)(3) cause of action remains viable. The fact issue of whether Ms. Le Grand, in her capacity of next friend to Taryn Le Grand, had notice or actual knowledge of the case in time for timely filing a dischargeability complaint is still open and may be the subject of an adversary proceeding based on 11 U.S.C. § 523(a)(3)(B).

Finally, there is pending before this court the debtor's motion to strike a portion of appellant's appendix. That motion is sustained. Ms. Le Grand included in her appendix evidentiary material that was not presented at the hearing on her request for extension of time. Because those materials were not part of the record before the bankruptcy court, they will be stricken from the record on appeal.

A true copy.

Attest:

CLERK, U.S. BANKRUPTCY APPELLATE PANEL
FOR THE EIGHTH CIRCUIT