# United States Bankruptcy Appellate Panel

## For the Eighth Circuit

_____

No. 13-6002

_____

In re: Corwin D. Petty; Rachel R. Petty

*Debtor*s

------------------------------

Michele Hathorn; Michael Hathorn

*Plaintiffs - Appellants*

v.

Corwin D. Petty

*Defendant - Appellee*

_____

Appeal from United States Bankruptcy Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 17, 2013
Filed: May 8, 2013

_____

Before SALADINO, KRESSEL and SHODEEN, Bankruptcy Judges.

_____

SALADINO, Bankruptcy Judge.

This is an appeal of a bankruptcy court's order granting the Debtor-Defendant's motion to dismiss an adversary proceeding as untimely. For the reasons stated below, we reverse.

## FACTS AND PROCEDURAL HISTORY

On May 21, 2012, Dr. Corwin D. Petty and Rachel R. Petty filed a case under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Western District of Arkansas. Prior to filing bankruptcy, Michael and Michele Hathorn had filed a complaint against Dr. Petty in the Circuit Court of Benton County, Arkansas, asserting various state law claims including intentional torts. The statement of financial affairs that Dr. Petty filed in his bankruptcy case on June 13, 2012, listed Mr. and Mrs. Hathorn's lawsuit as a pending legal proceeding. However, Mr. and Mrs. Hathorn's claims set forth in that lawsuit were not listed in Dr. Petty's bankruptcy schedules, nor were Mr. and Mrs. Hathorn or their attorney listed in the mailing matrix filed with the bankruptcy court. Therefore, when the bankruptcy court sent notice of the bankruptcy filing[1] to all parties on the mailing matrix, neither Mr. and Mrs. Hathorn nor their attorney received a copy. This notice advised all recipients that the last date for filing objections to discharge or complaints to determine the dischargeability of certain debts would be August 20, 2012.

On June 18, 2012, Dr. Petty filed amended schedules in his bankruptcy case. Again, these amended schedules and the updated mailing matrix did not include Mr. and Mrs. Hathorn or their attorney. On September 18, 2012, Dr. Petty's bankruptcy schedules were again amended and, for the first time, listed Mr. and Mrs. Hathorn and their attorney. Thus, Mr. and Mrs. Hathorn clearly were not scheduled by Dr. Petty until after the deadline for filing dischargeability complaints had passed.

---

[1]The document is entitled "Notice of Chapter 7 Bankruptcy Case, Meeting of the Creditors, and Deadlines."

It is undisputed, however, that Mr. and Mrs. Hathorn's state court attorney received actual notice of the bankruptcy case, including a copy of the bankruptcy notice, by email on August 14, 2012, six days prior to the deadline for filing dischargeability complaints. In an affidavit attached to the adversary complaint, Mr. and Mrs. Hathorn's state court attorney acknowledges receipt of the email notice from Dr. Petty's attorney and states that he notified Mr. and Mrs. Hathorn via email on that same date.[2]

On October 17, 2012, Mr. and Mrs. Hathorn filed an adversary proceeding against Dr. Petty which, among other things, contained references to 11 U.S.C. §§ 523(a)(3)(B) and 523(a)(6). Indeed, at paragraph 27 the complaint states:

> The Plaintiffs, pray that the Court find that the Debtors' failure to properly schedule them as Creditors, until after the time to object to dischargeability of a certain debt had passed, deems the debt not discharged, or alternatively under equitable principals [sic] of tolling or, estoppel that they be allowed to proceed on the allegation that their contingent unliquidated debt is the kind that is not dischargeable under subsection 523(a)(6).

A similar request is made in other paragraphs and in the prayer at the end of the complaint.

In response, Dr. Petty filed a motion to dismiss the adversary complaint for untimeliness and failure to state a claim. After briefing and oral argument, the bankruptcy court granted Dr. Petty's motion and dismissed the complaint as untimely. This appeal followed.

---

[2]In their own affidavits attached to the adversary complaint, Mr. and Mrs. Hathorn acknowledge getting notice of the bankruptcy filing from their attorney in "mid to late August of 2012."

## STANDARD OF REVIEW

On appeal, we review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus., Inc.)*, 397 F.3d 647, 651 (8th Cir. 2005); *Blackwell v. Lurie (In re Popkin & Stern)*, 223 F.3d 764, 765 (8th Cir. 2000). The adequacy of notice in a proceeding involving § 523(a)(3)(B) "presents a mixed question of law and fact, in that it calls for the application of legal standards to the unique facts of this case." *Tidwell v. Smith (In re Smith)*, 582 F.3d 767, 778 (7th Cir. 2009) (citing *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 307 (7th Cir. 2002)). The Sixth Circuit Bankruptcy Appellate Panel reached a similar conclusion, stating:

> Adequacy of notice required by a statute is a mixed question of law and fact, composed as follows: "[T]he question of whether any notice was given, and if so, what the notice consisted of and when it was given, is one of fact. However, the question of whether the notice satisfied the statutory requirement is one of law." *K & M Joint Venture v. Smith Int'l, Inc.*, 669 F.2d 1106, 1111 (6th Cir. 1982); *accord BP Care, Inc. v. Thompson*, 398 F.3d 503, 514 n.8 (6th Cir. 2005) (A determination of whether a party had notice of a particular proceeding is a finding of fact.)

*Burgraf v. Munion (In re Munion)*, Case No. 12-8020, 2013 Bankr. LEXIS 113, at *2 (B.A.P. 6th Cir. Jan. 11, 2013).

When a case requires the application of an objective legal standard to the established facts of the case, it is a mixed question of law and fact subject to de novo review. *Loehrer v. McDonnell Douglas Corp.*, 98 F.3d 1056, 1061 (8th Cir. 1996). In such a situation, "[a] lower court's answer to such a question is normally reviewed for clear error, although de novo review is required as to certain mixed findings,

4

usually those having a constitutional dimension." *Tidwell*, 582 F.3d at 778 (citing *Thomas*, 288 F.3d at 307). "Both statutory and constitutional implications arise when a creditor fails to receive adequate notice of the bankruptcy proceedings." *United States v. Hairopoulos*, 118 F.3d 1240, 1244 (8th Cir. 1997).

<u>DISCUSSION</u>

A discharge in a Chapter 7 case discharges the debtor from all debts that arose before the case was filed, except those that are excepted from discharge. 11 U.S.C. § 727(b). The exceptions to discharge are listed in 11 U.S.C. § 523.

> There are nineteen exceptions to discharge listed in § 523(a) and all but three are self-effectuating. *Palmer v. Nordin (In re Nordin)*, 299 B.R. 915 (B.A.P. 8th Cir. 2003). By self-effectuating, we mean that no action is required before the discharge is entered. The debts are excepted from discharge simply because of the nature of the debts. Obviously, there may be later disputes . . . over whether the debt fell into one of the appropriate categories. "Thus while it is not entirely obvious, careful analysis reveals that the scope of a discharge is final when entered and subsequent events do not change what debts were or were not discharged by that discharge. However, under § 523, certain debts were excepted from that discharge when entered." *In re Anderson*, 72 B.R. 495, 496 (Bankr. D. Minn. 1987).

*Everly v. 4745 Second Ave., Ltd. (In re Everly)*, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006) (footnote omitted).

The three exceptions to discharge that are not self-effectuating are debts of a kind listed in §§ 523(a)(2), (4), or (6). Creditors holding those types of debts must file a complaint to determine dischargeability no later than 60 days after the first date set

for the meeting of creditors. Fed. R. Bankr. P. 4007(c). A failure to timely file such a complaint will result in the discharge of those debts. *Everly*, 346 B.R. at 796 (*citing* 11 U.S.C. § 523(c)(1)).

Mr. and Mrs. Hathorn's adversary complaint relies, in part, on § 523(a)(6), which is the exception from discharge for willful and malicious injury by the debtor to another person or entity. It is undisputed that Mr. and Mrs. Hathorn's complaint was not filed by the deadline established by Fed. R. Bankr. P. 4007(c) and is, therefore, untimely. We do recognize that the adversary complaint does, in part, seek leave to file the complaint after the deadline for equitable reasons, but we are prohibited from doing so. As we discussed in *Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003):

> Federal Rule of Bankruptcy Procedure 4007(c) establishes a deadline for filing a complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) of 60 days after the first date set for the meeting of creditors. The rule permits the court to extend that deadline for cause. However, the motion for extension "shall be filed before the time has expired." Fed. R. Bankr. P. 4007(c).
>
> Federal Rule of Bankruptcy Procedure 9006(b) governs enlargements of time in which to perform an act required or allowed under the rules. Rule 9006(b)(3) states, "The court may enlarge the time for taking action under Rule[ ] . . . 4007(c) . . . only to the extent and under the conditions stated in [that rule]."
>
> As noted above, Rule 4007(c) permits an extension of time only when the request is filed before the time has expired. In this case, the request for extension was not properly filed before the deadline, so the court had no authority to grant the request. *See Palmer v. Nordin (In re Nordin)*, 299 B.R. 915, 917 (8th Cir. BAP 2003).

However, creditors who miss the deadline still have a remedy – among the self-effectuating exceptions to discharge is 11 U.S.C. § 523(a)(3), which was also relied upon by Mr. and Mrs. Hathorn in their adversary complaint. That section contains an exception to discharge for debts that are neither listed nor scheduled in time to permit –

> if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt . . ., unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

11 U.S.C. § 523(a)(3)(B).

This provision protects creditors who missed the deadline for filing § 523(c) complaints because they were not properly scheduled. *Everly*, 346 B.R. at 796 (citing *Peterson v. Anderson (In re Anderson)*, 72 B.R. 783, 786 (Bankr. D. Minn. 1987)). Importantly, there is no bankruptcy-created time limitation on filing a complaint under § 523(a)(3). *Id.* (citing *In re Honeycutt*, 228 B.R. 428, 430 (Bankr. E.D. Ark. 1998)). *See also Le Grand v. Harbaugh (In re Harbaugh)*, 301 B.R. 317, 320 (B.A.P. 8th Cir. 2003) ("The rules do not contain a deadline for filing a complaint under § 523(a)(3)."). Therefore, a complaint under § 523(a)(3) may be filed at any time. Fed. R. Bankr. P. 4007(b).

We have previously held that when making a determination regarding the adequacy of notice under § 523(a)(3), a court will have to decide at least four issues:

1. Is the debt of a kind described in § 523(a)(2), (4), or (6)?

7

2. Was the debt listed or scheduled (as that term has been interpreted) under § 521(a)(1) of the Bankruptcy Code with the name of the plaintiff?
3. Did the plaintiff have actual knowledge of the case in time to timely file an adversary proceeding in the bankruptcy court under § 523(a)(2), (4), or (6)?
4. Does the plaintiff's case have merit?

*Everly*, 346 B.R. at 797.

It is undisputed that the debt *alleged* in the complaint is of a kind described in § 523(a)(6). It is also undisputed that the debt was not listed or scheduled with Mr. and Mrs. Hathorn's names until after the deadline for objecting had passed. Of course, the bankruptcy court has not yet reached the merits of the case. Thus, at this stage, the only question to be addressed is whether Mr. and Mrs. Hathorn had actual knowledge of the case in time to timely file an adversary proceeding. To analyze that question, we turn to the transcript of the bankruptcy court's oral ruling. The bankruptcy court specifically held that Mr. and Mrs. Hathorn had sufficiently stated their cause of action for willful and malicious injury and that the adversary proceeding should not be dismissed for failure to state a claim.[3]

However, the bankruptcy court also held that the adversary proceeding should be dismissed as untimely. In so holding, the bankruptcy court found that Mr. and Mrs. Hathorn should not be entitled to the self-effectuating exception from discharge set forth in 11 U.S.C. § 523(a)(3)(B) because they failed to take timely action once they received actual notice of the bankruptcy filing. Since Mr. and Mrs. Hathorn did not take action for 64 days after receiving actual notice, the bankruptcy court held that equity would not protect their inaction.

---

[3]This conclusion of the bankruptcy court was not appealed by Dr. Petty.

8

In so holding, the bankruptcy court did *not* find that Mr. and Mrs. Hathorn had actual knowledge of the case in time to file a timely request for determination of dischargeability. In fact, it held just the opposite. After reciting a number of equitable considerations supporting Mr. and Mrs. Hathorn's inability to proceed prior to the deadline, the bankruptcy court stated: "I don't think the six days, honestly, is enough . . . ." Tr. 33:8-9. Based on that, the motion to dismiss should have been denied since there is no deadline for filing a complaint under 11 U.S.C. § 523(a)(3)(B). *Everly*, 346 B.R. at 796. In other words, if a creditor with a debt of the kind specified in § 523(a)(2), (4), or (6) did not receive actual knowledge of the bankruptcy case in time for timely filing of a request for determination of dischargeability, the inquiry ends there – the debt is not discharged.

Therefore, the bankruptcy court should not have addressed the issue of whether Mr. and Mrs. Hathorn took timely action once they had actual notice of the bankruptcy filing. Instead, the only consideration for the bankruptcy court was whether six days was sufficient notice to timely file an adversary proceeding. As indicated, the bankruptcy court determined that six days was *not* sufficient notice to take meaningful action under the undisputed facts of this case. The facts supporting the court's conclusion (such as the timing and type of notice) were undisputed and, therefore, not erroneous. In our de novo review, we do not disagree with the bankruptcy court's legal conclusion that six days' notice of the deadline was insufficient under the circumstances of this case, as it is in accord with numerous other cases:

> *See Mfrs. Hanover v. Dewalt (In re Dewalt)*, 961 F.2d 848, 851 (9th Cir. 1992) (in most cases, at least thirty days' notice to creditor is necessary and sufficient to satisfy § 523(a)(3)(B); notice supplied seven days prior to bar date is insufficient); *Sophir Co. v. Heiney (In re Heiney)*, 194 B.R. 898, 902-03 (D. Colo. 1996) (notice received eighteen days prior to bar date insufficient); *In re Walker*, 149 B.R.

511, 515-17 (Bankr. N.D. Ill. 1992) (knowledge of bankruptcy acquired by unrepresented creditor twenty days prior to bar date insufficient); *cf. Muse v. Muse (In re Muse)*, 289 B.R. 619, 623-24 (Bankr. W.D. Pa. 2003) (notice provided seventy-seven days prior to deadline for nondischargeability complaint sufficient); *Herman v. Bateman (In re Bateman)*, 254 B.R. 866, 874-75 (Bankr. D. Md. 2000) (notice received twenty-six days prior to bar date sufficient); *Marino*, 195 B.R. at 895-97 (two months' notice was adequate); *but see also Grossie v. Sam (In re Sam)*, 894 F.2d 778, 781-82 (5th Cir. 1990) (eighteen days' notice sufficient).

*Tidwell v. Smith (In re Smith)*, 582 F.3d 767, 780 (7th Cir. 2009).

In addition, *see Georgia Lottery Corp. v. Koshy (In re Koshy)*, Case No. 10-06329, 2010 WL 4226609 (Bankr. N.D. Ga. Sept. 27, 2010) (denying a motion to dismiss where the creditor received less than a day's actual notice of the bankruptcy); *Strickland v. Barr (In re Barr)*, Case No. 08-09017-MGD, 2009 WL 6499257 (Bankr. N.D. Ga. Feb. 9, 2009) (denying a motion to dismiss where the creditor received at most six days' actual notice of the pending bankruptcy); *Penland v. Bryan (In re Bryan)*, 448 B.R. 866 (Bankr. M.D. Ga. 2011) (four days' notice, which included a weekend, was insufficient); *Employers Workers' Compensation Ass'n v. Kelley (In re Kelley)*, 194 B.R. 258 (Bankr. N.D. Okla. 1996) (eleven days' actual notice was sufficient time to file a complaint or motion to extend); *In re Linzer*, 264 B.R. 243, 250 (Bankr. E.D.N.Y. 2001) (holding that nine days' notice is inadequate).

<u>DECISION</u>

Since there is no deadline to file a complaint under 11 U.S.C. § 523(a)(3)(B), Mr. and Mrs. Hathorn have the right to proceed with their complaint to try to prove

10

that they hold a debt of a kind described in § 523(a)(6). Therefore, we reverse the bankruptcy court's order granting Dr. Petty's motion to dismiss.

_____