### In re Rennie F. and Beverly J. BARTON, a/k/a Reinhardt Barton, Debtors.

### OTTAWA COUNTY ABSTRACT AND TITLE, d/b/a The Title Office, Plaintiff/Appellant,

v.

### Rennie F. and Beverly J. BARTON, a/k/a Reinhardt Barton, Defendants/Appellees.

No. G84–871 CA6.

Adv. No. 84–147.

Bankruptcy No. NG 83–2796.

United States District Court, W.D. Michigan, S.D.

Aug. 23, 1985.

Ronald J. VanderVeen, Cunningham, Mulder & Breese, Holland, Mich., for plaintiff/appellant.

David C. Andersen, Sprils and Andersen, Grand Rapids, Mich., for defendants/appellees.

## OPINION

HILLMAN, Chief Judge.

Appellant, Ottawa County Abstract and Title, appeals Bankruptcy Judge Laurence Howard's dismissal of its complaint to determine dischargeability of its claim against appellees, Rennie and Beverly Barton in a Chapter 7 proceeding. This court has jurisdiction to review the bankruptcy judge's final order dismissing the complaint pursuant to 28 U.S.C. § 1334(a).

Appellant commenced an action in the Ottawa County Circuit Court in 1983 to foreclose upon a mortgage and to obtain a deficiency judgment against appellees, Rennie and Beverly Barton. On November 3, 1983, the Bartons filed a petition under Chapter 7 of the Bankruptcy Code. By letter dated December 1, 1983, the appellee's counsel informed appellant's counsel of the bankruptcy action and forwarded a copy of the bankruptcy court's restraining order. Appellant was properly listed and scheduled by debtors with its correct address. According to the bankruptcy court's file, the notice of the creditor's meeting and deadlines for filing a complaint to determine dischargeability was mailed to appellant during November, 1983. That notice fixed February 6, 1984, as the last day for the filing of a complaint to determine dischargeability of a debt pursuant to 11 U.S.C. § 523(c). Section 523(c) provides for certain debts to be excepted from discharge upon request of a creditor after notice and hearing for reasons specified in 11 U.S.C. § 523(a)(2), (4) and (6).

Subsequent to the February 6, 1984, deadline, appellant filed a complaint to determine dischargeability under section 523(a)(2) and (4), excepting from discharge certain debts incurred by false representa-

tions or fraud. Appellant simultaneously filed a motion for extension of time to file its complaint. Judge Howard dismissed the complaint on the grounds that neither the complaint, nor the motion for an extension of time, was filed prior to the February 6, 1984, deadline. It is from this dismissal that appellant appeals.

## DISCUSSION

Bankruptcy Code section 523(c) requires creditors to file complaints to determine dischargeability on claims allegedly falling within section 523(a)(2) and (4), which the instant complaint did. Bankruptcy Rule 4007 sets forth the procedure for filing such complaints. Subsection (c) of Rule 4007 is the subsection critical to this appeal:

> "(c) Time for Filing Complaint Under § 523(c) in Chapter 7 Liquidation and Chapter 11 Reorganization Cases; Notice of Time Fixed. A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired."

The bankruptcy judge dismissed appellant's complaint because neither the complaint, nor the motion for an extension of time, was filed within 60 days of the first creditors' meeting. Further appellant had been given notice in the manner provided by Bankruptcy Rule 2002, which permits notice by mail.

However, appellant maintains that the bankruptcy court erred in dismissing the tardy complaint because neither it, nor its counsel, ever received the notice of the first creditors' meeting, and the deadline for filing complaints. The bankruptcy court accepted as true that the notice had not been received for purposes of deciding whether the complaint should nevertheless be dismissed because it was not timely filed. Appellant argues that the bankruptcy court misinterpreted Bankruptcy Rule 4007(c) as requiring dismissal of an untimely complaint where notice was given by the court as provided by Rule 2002, but notice was not actually received by the creditor.

While I am sympathetic to appellant's predicament, the following factors persuade me that the bankruptcy court correctly interpreted and applied the applicable rules. First, Rule 4007(c) is mandatory by its own terms and does not vest the court with discretion to grant an extension of time to file a complaint unless a motion for such an extension is made prior to the expiration of the deadline.

Second, appellant asks this court to relieve it of the effect of the clear language of Rule 4007(c) on the grounds of excusable neglect. Bankruptcy Rule 9006(b) provides that the court may grant enlargements of time where a failure to act within prescribed time limits is due to excusable neglect. However, subsection (b)(3) of the rule, which is entitled "Enlargement Limited," specifically provides that the court may enlarge the time for filing a complaint under Bankruptcy Rule 4007(c) because of excusable neglect only to the extent and under the conditions stated in that rule, i.e., where a creditor files a motion for extension of time within 60 days of the first meeting of creditors. In the instant action, appellant did not file its motion for extension of time until after the Rule 4007(c) deadline had elapsed.

Finally, the apparent harshness of the literal application of the language of Rule 4007(c) is mitigated by section 523(a)(3)(B) of the Bankruptcy Code. That section provides that a debt not properly scheduled or listed by the debtor, to which an objection to discharge may be made under 11 U.S.C. § 523(a)(2) or (4), will not be discharged unless the creditor had notice *or actual knowledge* of the bankruptcy proceeding in time for timely filing of its claim and its request for a determination of dischargeability. In the instant action, it is undisputed that the debtors did in fact properly list

and schedule appellant. Further, it is un-disputed that appellant had actual knowl-edge of the bankruptcy proceeding, if not the deadline, in ample time to timely file its complaint. That it waited over two months for notice of these deadlines is regrettable. However, it waited at its own risk. It was not mislead by any evasive action by the debtors, nor by any failure of the debtors to comply with their own obligation under the Bankruptcy Code.

In sum, the non-receipt of notice might well provide grounds for extending the ap-plicable time period for excusable neglect. However, with respect to Rule 4007(c), Rule 9006(b) explicitly limits extension of time for excusable neglect to situations where a motion for such an extension is filed within Rule 4007's time limitations. Further, section 523(a)(3)(B) of the Bank-ruptcy Code provides no basis for relief because appellant had actual knowledge of the bankruptcy proceedings.

For the reasons stated, I am persuaded that dismissal of appellant's complaint was not only warranted, but mandatory, under applicable provisions of the Bankruptcy Code and Rules. Accordingly, the decision and order of the bankruptcy court are af-firmed.