**In re Dale & Alice HANNEN, Debtors.**

**Richard Zabivnik, Plaintiff,**

v.

**Dale & Alice Hannen, Defendants.**

**Bankruptcy No. 07–12976.**
**Adversary No. 07–01388.**

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

March 17, 2008.

John F. Burke, III, Mansour Gavin Gerlack & Manos Co LPA, Cleveland, OH, for Plaintiff.

Glenn E. Forbes, Painesville, OH, for Defendants.

### MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Before the Court is the Motion to Dismiss Creditor's Complaint as Untimely Filed (the "Motion") submitted by the Debtors and Defendants, Dale and Alice Hannen ("Debtors" or "Debtor–Defendants"), over the objection of the Creditor, Richard Zabivnik ("Creditor" or "Plaintiff"). Such relief is sought pursuant to Federal Rule of Bankruptcy Procedure 4007. *Fed. R. Bankr.P. 4007.* This Court acquires jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157 and General Order No. 84 of this District. Following a duly noticed hearing and a review of the record, the Court renders its decision:

\*

The Debtors filed their petition for relief under Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on April 26, 2007 (the "Petition Date"). The first meeting of creditors was held on June 6, 2007. The Creditor commenced this adversary proceeding by filing his Complaint Objecting to Discharge Pursuant to 11 U.S.C. § 523(a)(2) and (4) (the "Complaint") on August 9, 2007. On September 7, 2007, the Debtors filed the subject Motion to Dismiss Creditor's Complaint as Untimely Filed and the Creditor opposes the Motion.

\* \*

The Debtors contend that the Complaint should be dismissed on the basis that it

was filed untimely. The Debtors argue that this Court issued Notice of the filing deadlines for this case on May 2, 2007, which included the Deadline to File a Complaint to Determine Dischargeability of a Debt under 523(c) by August 6, 2007. The Debtors argue that the Complaint was filed on August 9, 2007, three days beyond the Court-imposed deadline, and therefore should be dismissed.

The Plaintiff opposes the Debtors' Motion to Dismiss and argues that the Debtors' Motion should be denied on the basis of the doctrine of equitable tolling. He argues that section 105(a) of the Bankruptcy Code grants the court discretion to permit a late complaint. He asserts that the only reason that the Complaint was filed late was because his counsel was inexperienced with the electronic filing system of the Bankruptcy Court and was unable to file the Complaint successfully until three days after the due date. He contends that granting the Debtors' Motion to Dismiss would be inequitable, unfair and against the interest of justice.

\* \* \*

The issue before this Court is whether the Creditor's Complaint was filed timely.

\* \* \* \*

Section 523 of the Bankruptcy Code identifies certain types of debt that are exceptions to discharge. At issue in this proceeding are subsections (a)(2) and (4), which state the following.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

*11 U.S.C. § 523.*

Bankruptcy Procedural Rule 4005 provides:

At the trial on a complaint objecting to a discharge, the plaintiff has the burden of proving the objection.

*Fed. R. Bankr.P. 4005.*

Bankruptcy Procedural Rule 4007(c) requires that a complaint objecting to discharge be filed within 60 days of the first meeting of creditors.

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

*Fed. R. Bankr.P. 4007.*

Bankruptcy Procedural Rule 9006 provides for adjustments to time requirements under particular circumstances.

(a) Computation

In computing any period of time prescribed or allowed by these rules or by the Federal Rules of Civil Procedure made applicable by these rules, by the local rules, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a

legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the clerk's office inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than 8 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 5001(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the court is held.

(b) Enlargement

(1) In general

Except as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

(2) Enlargement not permitted

The court may not, enlarge the time for taking action under Rules 1007(d), 2003(a) and (d), 7052, 9023, and 9024.

(3) Enlargement limited

The court may enlarge the time for taking action under Rules 1006(b)(2), 1017(e), 3002(c), 4003(b), 4004(a), 4007(c), 8002, and 9033, only to the extent and under the conditions stated in those rules.

*Fed. R. Bankr.P. 9006.*

Federal Rule of Civil Procedure 41 regarding dismissal of actions is made applicable to bankruptcy proceedings pursuant to Bankruptcy Procedural Rule 7041—Dismissal of Adversary Proceedings.

Rule 41 F.R.Civ.P. applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

*Fed. R. Bankr.P. 7041.*

Federal Rule of Civil Procedure 41 provides in pertinent part:

(b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

*Fed.R.Civ.P. 41.*

Section 105(a) of the Bankruptcy Code provides:

§ 105. Power of court

(a) The court may issue any order, process, or judgment that is necessary or

appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

*11 U.S.C. 105(a).*

\* \* \* \* \* \*

■ Pursuant to Federal Rule of Bankruptcy Procedure 4005, in a trial on a complaint objecting to a discharge, the plaintiff has the burden of proving that a discharge is unwarranted. *Fed. R. Bankr.P. 4005.* The party seeking to have a debt declared nondischargeable bears the burden of proving by a preponderance of the evidence that the debt falls within one of the statutory exceptions. *Grogan v. Garner,* 498 U.S. 279, 291, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Federal Rule of Bankruptcy Procedure 4007 identifies the procedural requirements for determination of dischargeability of a debt. *Fed. R. Bankr.P. 4007.* There are three exceptions to discharge pursuant to § 523 that require a creditor to file a complaint to determine dischargeability-subsections (a)(2), (4), and (6). *In re Everly,* 346 B.R. 791, 796 (8th Cir. BAP 2006). Such a creditor must file a complaint under Rule 4007(c) to determine dischargeability no later than sixty (60) days after the first date set for the meeting of creditors. *Fed. R. Bankr.P. 4007(c); Id.* A failure to timely file such a complaint will result in the discharge of those debts. *Id.* In the present case, Plaintiff did not timely file his complaint to determine dischargeability by August 6, 2007. His complaint was filed three days late on August 9, 2007.

Further to Rule 9006(b)(3), a court may allow additional time to file a complaint under Rule 4007(c), as long as a motion for extension of time is filed prior to the expiration of the 60 days from the first meeting of creditors. *Fed. R. Bankr.P. 9006.* Herein, the Plaintiff did not request additional time to file his Complaint before the due date passed. Additionally, none of the special provisions for a due date falling on a weekend or holiday apply to the present case. The due date for filing the Complaint fell on Monday, August 6, 2007 and the Plaintiff filed his Complaint on Thursday, August 9, 2007.

■ Both the Debtors and the Plaintiff contend that decisional authority supports their position. Their cited cases are reviewed and considered herein.

The Debtors contend that numerous courts hold that the deadline pursuant to Bankruptcy Rule 4007 is mandatory. In *In re Peacock,* 129 B.R. 290 (Bankr. M.D.Fla.1991), the court held that:

> Accordingly, the time period established by 4007(c) is in the nature of a statute of limitations.... Consequently, the portion of plaintiff's complaint seeking to except its debt from defendant's discharge, filed one day after the court ordered deadline, was untimely filed.

*In re Peacock,* 129 B.R. 290, 292 (Bankr. M.D.Fla.1991).

In *In re Barton,* 82 B.R. 50 (W.D.Mich. 1985), the court dismissed the complaint as untimely filed, even though the creditor did not actually receive the notice of the deadline to file an adversary complaint, holding that:

> ... Rule 4007(c) is mandatory by its own terms and does not vest the court with discretion to grant an extension of time to file a complaint unless a motion for such an extension is made prior to the expiration of the deadline ... In the

instant action, appellant did not file its motion for extension of time until after the Rule 4007(c) deadline had elapsed ... the apparent harshness of the literal application of the language of Rule 4007(c) is mitigated by section 523(a)(3)(B) of the Bankruptcy Code ... it is undisputed that appellant had actual knowledge of the bankruptcy proceeding, if not the deadline, in ample time to timely file its complaint. That it waited over two months for notice of these deadlines is regrettable. However, it waited at its own risk.

*In re Barton,* 82 B.R. 50, 51–2 (W.D.Mich. 1985)

In *Ohio Farmers Insurance Company v. Leet,* 274 B.R. 695 (6th Cir. BAP 2002), the Bankruptcy Appellate Panel remanded the proceedings to the bankruptcy court with instructions to dismiss the adversary complaint and concluded that "the bankruptcy court should have enforced Rule 4007(c) according to its letter." *Ohio Farmers Insurance Company v. Leet,* 274 B.R. 695, 701 (6th Cir. BAP 2002).

In response, Plaintiff contends that the Sixth Circuit and this Court have applied the doctrine of equitable tolling and asks that this Court accept the untimely filed Complaint. In *In re Maughan,* 340 F.3d 337 (6th Cir.2003), the court applied the doctrine of equitable tolling because the reason that the creditor filed his complaint untimely was because the debtor withheld information which prevented the creditor from having the facts on which to prepare his complaint. *In re Maughan,* 340 F.3d 337 (6th Cir.2003). Herein, the only reason that the Plaintiff provided in his brief for the delay was his inexperience with electronic filing in this Court. There was no allegation of withheld information which prevented him from preparing a complaint. In *In re Buxton,* Case No. 05–63823, Adv. No. 06–6013, 2006 WL 3253163 (N.D.Ohio Nov. 8, 2006), the court held that equitable tolling of the filing deadline was appropriate because debtor prevented creditor from discovering that debtor was attempting to discharge the debt owed to her. *In re Buxton,* Case No. 05–63823, Adv. No. 06–6013 (N.D.Ohio Nov. 8, 2006). Equitable tolling applied in these cases because the debtor interfered with the action the creditor needed to take. There is no allegation that the Debtor in this case prevented the Plaintiff from filing the Complaint timely.

■■■ Further, the equitable relief sought by the Plaintiff pursuant to § 105 of the Bankruptcy Code is unavailing. Although section 105(a) grants the Bankruptcy Court equitable power, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 99 L.Ed.2d 169 (1988); *see Copper v. Copper (In re Copper),* 426 F.3d 810, 816 (6th Cir.2005). "Bankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language' ....The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code." *Childress v. Middleton Arms, L.P.,* 934 F.2d 723, 725 (6th Cir.1991)(*citing In re C—L Cartage Co., Inc.,* 899 F.2d 1490, 1494 (6th Cir.1990)). Herein, it is undisputed that the procedural requirements to file a complaint under Bankruptcy Rule 4007(c) to determine dischargeability were not met by the Plaintiff. Absent facts supportive of equitable relief, this Court must enforce Bankruptcy Rule 4007(c).

\*       \*       \*       \*       \*       \*

Accordingly, the Debtor's Motion to Dismiss the subject Complaint as filed untimely is hereby granted and the Plaintiff's

Objection is overruled. Each party is to bear its own costs.

**IT IS SO ORDERED.**

### *JUDGMENT*

At Cleveland, in said District, on this *17th* day of March, 2008.

A Memorandum of Opinion and Order having been rendered by the Court in this matter, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Dismiss the subject Complaint as filed untimely is hereby granted and the Plaintiff's Objection is overruled. Each party is to bear its own costs.

**IT IS SO ORDERED.**