**In re Ned Bruce WILSON, d/b/a SIGMA PRECISION CO. and Gwendolyn Wilson, Debtors.**

**AETNA CASUALTY & SURETY COMPANY OF ILLINOIS, Plaintiff,**

v.

**Ned Bruce WILSON, Defendant.**

**Bankruptcy No. 92–02613–8B7.**
**Adv. No. 94–00572.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 14, 1996.

David A. Finlay and Christian B. Anouge, II, Tampa, FL, for Plaintiff.

Shari Streit Jansen, Sarasota, FL, for Defendant.

### ORDER DENYING CREDITOR/PLAINTIFF'S MOTION FOR FINAL SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion for Summary Judgment filed by Aetna Casualty & Surety Company of Illinois (Aetna). The Motion is filed in Adversary Proceeding Number 94–00572, instituted by Aetna, who in its complaint contended that Ned Bruce Wilson (Debtor) is liable to Aetna and claimed the debt should be excepted from the overall protection of the general bankruptcy discharge by virtue of § 523(a)(3) of the Bankruptcy Code. In support of its Motion, Aetna contends that the Debtor failed to schedule Aetna as a Creditor, that Aetna did not receive any notice and did not learn about the Chapter 7 case of the Debtor until

after the time to file a claim provided for by F.R.B.P. 3002(c) and to file a complaint pursuant to § 523(c) within the time provided for by F.R.B.P. 4007.

The facts which are relevant to the claim asserted by Aetna are indeed without dispute, but only to a limited extent. It appears from the record that on February 27, 1992, the Debtor filed his voluntary Petition for Relief in the Middle District of Florida. The Schedule F, filed by the Debtor with his Petition, did not schedule Aetna as a creditor. Upon commencement of the case, the Notice of the Meeting of Creditors was not sent to Aetna, and Aetna received no notification of the bar date for filing Proofs of Claims or the bar date to file complaints seeking determination of nondischargeability pursuant to § 523(c) of the Bankruptcy Code. On June 8, 1992, the Debtor received his general bankruptcy discharge.

In April 1993, or approximately nine months after the Debtor received his discharge, he was served as a third-party defendant in two pending lawsuits in the Superior Court of the Judicial District of New Haven, Connecticut, filed by creditors who were properly scheduled and to whom the Debtor was indebted, which debts have been discharged. The first suit was filed by Investment Associates, the former landlord and the owner of the commercial property, in which a corporation known as Summit Associates, Inc. (Summit), doing business as Plastech Company, was conducting a manufacturing business. It appears that the Debtor and one Joseph Lancia (Lancia) were the officers, directors, and stockholders of Summit. The second suit was filed by Branford Savings Bank (Branford) who was a secured lender of Summit, which obligations were first guaranteed personally by the Debtor and his wife. Aetna impleaded the Debtor as a potential indemnitor in both Connecticut cases in the event that Aetna lost either lawsuit.

While there is evidence in this record (*see* Affidavit of Aetna's claim representative, Rocky Vitale), it is equally clear from this record that the Debtor had no idea and was never put on notice that Aetna intended to assert a claim against it until April 1993, when the Debtor was served as a third-party

defendant. Moreover, there is no evidence in this record to show that the Debtor knew or could have known that the Debtor, in fact, paid Investment Associates, the landlord, $75,000.00 under the insurance policy held by Summit. The claim against Aetna was based on the fire which damaged the commercial property owned by Investment Associates. The fire damaged not only the commercial property, but also the business property of Summit, all of which was encumbered by a lien of Branford. It appears that at the time Investment Associates asserted a claim against Aetna under the policy, Aetna took the Debtor's statement under oath. Unlike Lancia, who plead *nolo contendere* to the arson, no charges were ever brought against the Debtor. Aetna never sued, nor threatened to sue Summit or the Debtor at any time.

In due course, the Debtor's Chapter 7 case was closed, but upon learning of the suit against him, the Debtor filed a Motion to Reopen Case, which Motion was granted. Thereafter, the Debtor filed an Amended Schedule F and, for the first time, filed Aetna as a creditor, which claim the Debtor disputes. This, in turn, triggered the Adversary Proceeding under consideration and the Motion for Summary Judgment filed by Aetna. The claim of nondischargeability is asserted under § 523(a)(3), which provides in relevant part as follows:

**§ 523. Exceptions to discharge.**
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

As contended by Aetna, it is clear and without dispute that a debt claimed to be owed to Aetna was not listed nor scheduled in time to permit Aetna to file a Proof of Claim. It is equally true that Aetna did not have notice or actual knowledge in time to file a Proof of Claim. Further, it is without dispute that the underlying claim would technically be within the exceptions set forth under § 523(a)(6), although it is not quite clear and is conceded for purposes of discussion that Aetna could, in fact, assert a viable claim under this section.

Be as it may, the difficulty of the claim of nondischargeability asserted by Aetna should be evident when one considers this record against the specific language of the exception which requires that before this exception applies, the failure to list or schedule a debt is only a ground to except the debt from discharge if the name of the creditor to whom the debt is owed is known to the Debtor. It is evident that this record is uncontradicted and it is clear that the Debtor had no basis to assume or even to suspect that Aetna ever would assert a claim against him as a result of the fire which damaged the commercial property owned by Investment Associates or the equipment owned by Summit which was liened to Branford. The Debtor was deposed by Aetna and Aetna very well knew that the Debtor was a principal of Summit, yet at no time did Aetna ever threaten to sue, and it was not until April 1993 when the Debtor was interplead into the suit filed by Investment Associates and Bradford against Aetna.

From the foregoing, it is clear that Aetna was not known by the Debtor as an entity which was or might assert a claim against it. For this reason, it is evident that the exception set forth in § 523(a) is not applicable.

Aetna's reliance on the case of *In re Reese,* 133 B.R. 245 (Bkrtcy.M.D.Fla.1991), hardly furnishes any support for Aetna's Motion for Summary Judgment. In *Reese,* the Debtor was fully aware that he was indebted to the

credit card company, but failed to schedule the credit card company. His failure justifiably resulted in the determination that the debt owed by the Debtor to the credit card company was excepted from the credit card company by § 523(a) of the Bankruptcy Code. Based on the foregoing, this Court is satisfied that, notwithstanding that the controlling facts are without dispute, Aetna's Motion can not be granted as it is not entitled to a judgment in its favor as a matter of law on its claim of nondischargeability. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary for Summary Judgment filed by Aetna Casualty & Surety Company of Illinois be, and the same, is hereby denied.

DONE AND ORDERED.