In re David J. LOTTES, Debtor.

**ATTORNEYS TITLE INSURANCE FUND, INC., Plaintiff,**

v.

**David J. LOTTES, Defendant.**

**Bankruptcy No. 97–41536–172.
Adversary No. 97–4206–172.**

United States Bankruptcy Court,
E.D. Missouri,
Eastern Division.

Oct. 22, 1998.

E. Rebecca Case, Stone, Leyton & Gershman, Clayton, MO, Trustee.

Norman W. Pressman, Greensfelder, Hemker & Gale, St. Louis, MO, for Plaintiff.

Robert E. Eggmann, Copeland, Thompson & Farris, Clayton, MO, for Debtor/Defendant.

## MEMORANDUM

JAMES J. BARTA, Chief Judge.

The matters being considered here are the cross-motions of Attorneys Title Insurance Fund, Inc., ("Plaintiff") and David J. Lottes ("Debtor") for summary judgment on the Adversary Proceeding styled, "Complaint to Declare that Discharge Does Not Apply to Plaintiff and to Revoke Discharge". These determinations and this Order are based upon a consideration of the record as a whole.

This is a core proceeding pursuant to Section 157(b)(2)(A), (I), and (J) of Title 28 of the United States Code. The Court has jurisdiction over the parties and this matter pursuant to 28 U.S.C. Sections 151, 157 and 1334, and Rule 9.01 of the Local Rules of the United States District Court for the Eastern District of Missouri.

The facts necessary for this determination are for the most part not in dispute. In May, 1994, the Debtor and his non-debtor spouse, Shannon, submitted a written credit application to The Money Store (not a party to this proceeding) requesting a loan in the amount of $200,000.00. The loan as granted was secured by a mortgage on the couple's residence in Sanibel, Florida. A portion of the loan proceeds was used to pay off an amount owed to NationsBank that was secured by a prior deed of trust on the same Florida real property. In connection with the mortgage transaction, the Plaintiff issued a title insurance policy for the benefit of The Money Store that was effective on June 13, 1994, the date on which the mortgage was recorded.

The Plaintiff has argued that it was the intention of the Debtor and The Money Store that the mortgage to The Money Store would enjoy a first priority position on the Debtor's real property. However, it was subsequently determined that the prior Nations Bank mortgage had not been released as of the time of the transactions with The Money Store.

The Money Store, the only beneficiary under the Plaintiff's policy, has asserted a claim under the title insurance policy in a non-bankruptcy proceeding. As of February 13,

1998, the claim had not been paid. The Debtor filed a Voluntary Petition for relief under Chapter 7 on February 7, 1997. The Debtor listed The Money Store as a pre-petition creditor, but did not list the Plaintiff. The Plaintiff has argued, and the record has not suggested to the contrary, that the Plaintiff did not have knowledge of this Bankruptcy case before the expiration of the time to file a complaint under Sections 523 or 727. The last day to file a complaint objecting to discharge or to determine dischargeability was set as May 27, 1997. The Plaintiff filed this Adversary Complaint on August 29, 1997, three months after the deadline had passed.

The parties have stipulated that if the Plaintiff pays a claim under the title insurance policy as asserted by The Money Store, the Plaintiff will be subrogated to the rights of The Money Store. The Plaintiff would argue that these rights include the right to prosecute an action against the Debtor under 11 U.S.C. §§ 523 or 727. The record in this matter has not suggested any other basis upon which the Plaintiff may have standing to prosecute this complaint to determine dischargeability or to object to discharge. In the circumstances presented here, whatever claim the Plaintiff may have against this Debtor is the claim that The Money Store may have against this Debtor. The Money Store has not filed a complaint to determine dischargeability or to object to discharge in this case.

A discharge under Chapter 7 does not discharge an individual debtor from any debt

> [N]either listed nor scheduled under section 521(1) of this title, with the name, if known by the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request;....[1]

11 U.S.C. § 523(a)(3).

The debt that is the subject of this proceeding was listed by the Debtor as a secured debt in the amount of $184,568.00. As of the commencement of this case, the creditor to whom the debt was owed was listed by the Debtor as being The Money Store. Nothing in this record indicates that at that time the debt was owed to any other entity.

Based upon the non-bankruptcy proceeding being prosecuted by The Money Store against this Plaintiff, under the expansive bankruptcy definition of a claim,[2] and if subrogation in these circumstances includes standing to pursue the Debtor, the Plaintiff was the holder of a pre-petition, contingent, unliquidated claim against the Debtor. The Parties have not alleged, and nothing in this record suggests that the Plaintiff was known to the Debtor as a creditor, prior to the expiration of the time to file a complaint pursuant to Section 523(c). Therefore, the first requirement of Section 523(a)(3)(B), that the creditor was known by the Debtor, did not exist here. *See Aetna Casualty & Surety Co. of Illinois v. Wilson (In re Wilson),* 200 B.R. 72, 74 (Bankr.M.D.Fla.1996).

---

1. The Plaintiff filed proof of claim number 29 on August 15, 1997. The last day to file a proof of claim had been set as August 19, 1997. The Trustee's objection to this proof of claim based upon the absence of any credit for the value of any security has been continued pending this determination.

2. "[C]laim" means—
   (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliqui-

dated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or
   (B) right to an equitable remedy for breach or performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured; .... 11 U.S.C. § 101(5).

The Plaintiff has argued, however, that it had no knowledge of the bankruptcy case because it was not listed by the Debtor before the expiration of the time to file a complaint to determine dischargeability. If it should be liable to The Money Store, the Plaintiff has argued further that it should not be denied the ability to prosecute this complaint, even though the filing deadline has passed.

■ As a general rule, a subrogee stands in the shoes of the prior claim holder and is substituted to all the rights and remedies of the prior claim holder as though the subrogee were the prior claim holder. *In re Richardson*, 178 B.R. 19, 23 (Bankr.D.Dist.Col. 1995). Several courts have determined that a subrogee may assert the creditor's right to nondischargeability. *See Richardson, supra* at 24 (subrogee may assert nondischargeability rights under Section 523(a)(4)); *In re Snellgrove*, 15 B.R. 149 (Bankr.S.D.Fla.1981) (embezzlement under Section 523(a)(4)); *In re Norris*, 107 B.R. 592, 596 (Bankr. E.D.Tenn.1989) (nondischargeability of state tax).

■ In the matter being considered here, the contracting parties to the title insurance policy were the Plaintiff and The Money Store. The Debtor was not a contracting party to the insurance policy, and has argued that he had no knowledge of the Plaintiff's claim until this Adversary Complaint was filed. Any claim by the Plaintiff as to the dischargeability of the Debtors obligation here is based upon whatever claim was held by The Money Store. The subrogation in this matter provides no greater right to the subrogee than what was possessed by the subrogor. *See Jos. A. Bank Clothiers, Inc. v. Brodsky*, 950 S.W.2d 297, 302 (Mo. App.E.D.1997). As the subrogee of The Money Store, the Plaintiff's claim of nondischargeability is no greater than any claim of nondischargeability that had been held by The Money Store as subrogor. The Money Store was listed as a creditor in this case and had knowledge of the Debtor's bankruptcy. The Money Store did not file a complaint objecting to discharge or to determine dischargeability prior to the last date set to file such complaints. Subrogation does not oper-

ate to extend the time to file such complaints for the benefit of the subrogee. Therefore, this Complaint to determine dischargeability under Section 523(a)(2), (4) or (6) and objecting to discharge under Section 727, based upon the Plaintiff's claim as subrogee, was filed out of time.

■ For a debt to be nondischargeable under Section 523(a)(3)(B), the record must establish that a creditor known to the debtor was not listed, and that the debt is of a kind specified in paragraph 523(a)(2), (4) or (6). The absence of any one of these requirements is dispositive of the inquiry. Therefore, having determined that this Plaintiff was not known to the Debtor, it is not necessary to determine whether or not the debt is of a kind specified in paragraph 523(a)(2), (4) or (6).

The Court has determined that there is no genuine issue as to any material fact, and the Plaintiff is not entitled to relief as a matter of law. By separate order, summary judgment is being entered for the Debtor and the complaint is dismissed as having been filed out of time, and for failure to establish that the Debtor was required to list this Creditor in the Schedules.