# United States Bankruptcy Appellate Panel
**FOR THE EIGHTH CIRCUIT**

———

No. 09-6017

———

|  |  |  |
|---|---|---|
| In re: | * | |
| | * | |
| Kathryn Renee Mitchell, | * | |
| a/k/a Kathy Mitchell | * | |
| | * | |
| Debtor. | * | |
| | * | |
| Benjamin Mitchell, | * | Appeal from the United States |
| | * | Bankruptcy Court for the Northern |
| Plaintiff-Appellant, | * | District of Iowa |
| | * | |
| Daniel P. Mitchell, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| Kathryn Bigelow, | * | |
| | * | |
| Defendant-Appellee, | * | |
| | * | |

———

Submitted: September 17, 2009
Filed: October 16, 2009

———

Before KRESSEL, Chief Judge, FEDERMAN and MAHONEY, Bankruptcy Judges.

———

KRESSEL, Chief Judge.

Benjamin Mitchell appeals from the bankruptcy court's order and judgment determining that the defendant's debt to him is not excepted from her discharge. For the reasons discussed below, we reverse and remand to the bankruptcy court for further proceedings.

BACKGROUND

Kathryn Bigelow is the debtor in a chapter 7 case. Daniel P. Mitchell is Kathryn's ex-husband. Benjamin Mitchell is Daniel's son and Kathryn's former stepson. In September of 2002, Benjamin alternated between living with his mother and with his father and stepmother. On September 15, 2002, there was a physical altercation that involved Benjamin and Kathryn. As a result of the physical altercation, Benjamin hurt his arm, which resulted, at a minimum, in a permanent scar. The Department of Human Services conducted an investigation and found that Kathryn was guilty of child abuse. After that, Benjamin lived with his mother, Laurie Novak Town.

Kathryn filed a chapter 7 bankruptcy petition on October 10, 2005. In her schedules, she listed Daniel as a creditor, gave an address for him in Cedar Rapids, indicated the date that the debt was incurred simply as "2002," and described the consideration only as "Ex-Husband." She listed the amount of the debt as $1.00. Daniel's name and address were also included by the debtor on her mailing matrix. Benjamin was not included on any of the debtor's schedules and his name and address did not appear on the debtor's mailing matrix.

The deadline to file a complaint to determine the dischargeability of a debt under 11 U.S.C. § 523(c) was January 13, 2006 and the debtor received her discharge on February 3, 2006. Benjamin turned 18 years of age on November 30, 2006. The complaint commencing this action was filed on October 8, 2007.

The complaint by the two plaintiffs, Daniel and Benjamin, included requests for determinations of exceptions to discharge on unrelated claims. Benjamin alleged that he had been assaulted by the defendant on September 15, 2002; that the defendant's actions were willful and malicious, which would have given rise to an exception to discharge under 11 U.S.C. § 523(a)(6); that he did not have actual knowledge of the case in time to timely file a request for a determination of dischargeability under § 523(a)(6); and that his claim should be excepted from discharge pursuant to § 523(a)(3). He also asked that the bankruptcy court authorize him to bring a claim in state court or toll the statute of limitations.[1]

Daniel claimed that he was a plaintiff in an action against the defendant in state court, which he had dismissed and he made no allegation of any grounds for excepting

---

[1]     The request for authority to file a claim in state court is totally unnecessary and was not addressed by the bankruptcy court. *In re Honeycutt*, 228 B.R. 428, 430 (Bankr. E.D. Ark. 1998) ("state courts have concurrent jurisdiction with the bankruptcy court to determine the dischargeability of debts not listed in section 523(c), including section 523(a)(3)") (citing *In re Bingham,* 163 B.R. 769 (Bankr. N.D. Tex. 1994)). Likewise, there is no indication of what authority the bankruptcy court would have to toll a state court statute of limitations. *Mitchell v. Bigelow (In re Bigelow)*, 393 B.R. 667 (B.A.P. 8th Cir. 2008). In any case, the plaintiff timely filed his complaint in state court mooting these requests.

his debt from discharge other than a reliance on § 523(a)(3). He asked for the same relief that Benjamin did.

The defendant made a motion to dismiss the complaint as to both plaintiffs on the basis that the complaint was time-barred. The bankruptcy court granted the motion as to Daniel but denied it as to Benjamin. *See Mitchell v. Bigelow (In re Bigelow)*, 393 B.R. 667 (B.A.P. 8th Cir. 2008) (affirming bankruptcy court's order dismissing Daniel Mitchell's complaint against the debtor and its decision denying his motion to amend that order). After a trial, the bankruptcy court entered an order and judgment in which it effectively determined that Benjamin's debt was not excepted from Kathryn's discharge. Benjamin appeals.

## STANDARD OF REVIEW

This appeal turns on the proper legal interpretation of § 523(a)(3) and therefore our review is *de novo*. *The CIT Group / Equip. Fin., Inc. v. M & S Grading, Inc. (In re M & S Grading, Inc.)*, 457 F.3d 898 (B.A.P. 8th Cir. 2006) ("Matters of statutory interpretation are reviewed *de novo*.").

## DISCUSSION

A debtor's chapter 7 discharge discharges most, but not all, of her debts. "Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief . . . ." 11 U.S.C. § 727(b). While Kathryn may dispute Benjamin's claim, a debt

4

exists nonetheless.[2] Section 523 contains a list of nineteen types of debts which are excepted from a debtor's discharge. If Benjamin wants his debt to be excepted from discharge, he must bring his debt within the ambit of one of those nineteen exceptions. Most of the iterated exceptions are "self-effectuating." By that, we mean that no action is necessary by the creditor or the court for them to be excepted from discharge.[3] *Everly v. 4745 Second Ave., Ltd. (In re Everly)*, 346 B.R. 791, 795 (B.A.P. 8th Cir. 2006).

Benjamin's claim arises from the assault that he claims occurred on September 15, 2002. He has identified 11 U.S.C. § 523(a)(6) as a basis for excepting his debt from discharge, claiming that it is a debt for a willful and malicious injury. Unfortunately for Benjamin, § 523(a)(6) is one of the three exceptions to discharge which are not self-effectuating. Section 523(c) provides that the debts described in § 523(a)(6) along with those described in subsections (a)(2) and (4) *are* discharged unless the bankruptcy court determines that the debt is excepted from discharge. Federal Rule of Bankruptcy Procedure 4007(b)(C) provides that a complaint requesting the bankruptcy court to make such a determination must be filed no later than 60 days after the first date set for the meeting of creditors. Obviously, that time

---

[2]    A debt is liability on a claim, and a claim includes any right to payment, even if it is disputed. 11 U.S.C. § 101(12); 11 U.S.C. § 101(5)(A).

[3]    Admittedly, since the exceptions are all factually and legally based, a dispute may arise between the debtor and the creditor regarding whether the debt was discharged or not. Then one of them may have to resort to a court to determine whether the legal and factual predicates for an exception to discharge exist and therefore determine whether the debt was discharged or not.

had long expired before Benjamin filed his complaint.  Thus, any claim that was based solely on § 523(a)(6) is time-barred.

However, Congress has specifically provided for situations like this one.  It created a separate exception to discharge, which is self-effectuating, for any debt:

> [N]either listed nor scheduled under section 521(a) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit –
>
> . . .
>
> > (B)    if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

11 U.S.C. § 523(a)(3)(B).  The purpose of this provision is to "[protect] creditors who missed the deadline for filing § 523(c) complaints because they were not properly scheduled." *Everly*, 346 B.R. at 796 (citing *Peterson v. Anderson (In re Anderson))*, 72 B.R. 783, 786 (Bankr. D. Minn. 1987).

In a situation where the debt is for a willful and malicious injury and the debtor was not listed or scheduled and did not have notice or actual knowledge of the case in time, that creditor's claim is not discharged.  The statute makes clear, and we have previously held, that while the bankruptcy court has jurisdiction to determine

6

dischargeability under § 523(a)(3), that jurisdiction is concurrent with the state court. *Everly*, 346 B.R. at 796 ("A state court has jurisdiction, concurrent with the bankruptcy court, to determine the dischargeability of all other debts."). Thus, Benjamin could simply have commenced his action in state court and, as part of that action, asked the state court to determine whether the debt had been discharged or not. He chose instead to bifurcate his litigation. He has asked the bankruptcy court to determine the dischargeability of his debt and asked the state court to determine its merits and any damages.[4]

Since no one claims that Benjamin had actual knowledge of the case in time to timely file a complaint under § 523(c), Benjamin's claim for an exception to discharge has two components. First, he must demonstrate that his debt was the result of a willful and malicious injury by Kathryn. *Everly*, 346 B.R. at 797. Second, he must prove that he was not listed nor properly scheduled under § 521 of the Bankruptcy Code. *Id.* Stated this way, we think the emphasis of the parties and the bankruptcy court in this case was misdirected. Many of the cases relied on by the bankruptcy court dealt with the issue of sufficiency of notice under the Due Process Clause, which is actually a separate issue from the one present here. Nobody is challenging the constitutionality of 11 U.S.C. § 523 or the related bankruptcy rules. Those cases establish the *lower* limits on what notice would satisfy the Due Process Clause, but the issue here is compliance with statutory requirements.[5] Other cases

---

[4] Obviously in cases like this there is a major overlap between determining "the merits" and determining whether there was a willful and malicious injury.

[5] *City of New York v. New York, N. H. & H. R. Co.*, 344 U.S. 293, 73 S.Ct. 299 (1953) (This was a pre-Bankruptcy Code case, which held that notice by

relied on by the bankruptcy court dealt with creditors whose claims *and* identities could not have been known by the debtors.[6] However, in this case, Kathryn knew of all of the facts giving rise to Benjamin's claim and also knew his identity.

Other than the reference to actual notice, which is not at issue here, § 523 says nothing about any requirement of the debtor to give notice. In fact, the responsibility for giving notice falls on the clerk of court, not the debtor. Specifically, Fed. R. Bankr. P. 2002(f) provides (with exceptions not relevant here) that, "the *clerk* shall give the debtor, all creditors, and indentured trustees notice by mail of: (1) the order for relief and (5) the time fixed for filing a complaint to determine the dischargeability of a debt pursuant to § 523 . . . ." A somewhat redundant Rule 2002(o) provides that

---

publication was not sufficient to bar a creditor's claim.); *Tulsa Prof'l Collection Servs., Inc. v. Pope*, 485 U.S. 478, 108 S.Ct. 1340 (1988) (The issue before the Court in this probate case was whether notice by publication as provided for in Oklahoma's probate code was sufficient to satisfy the Due Process Clause.); *Mennonite Bd. Of Missions v. Adams*, 462 U.S. 791, 103 S.Ct. 270 (1983) (The issue in this non-bankruptcy case was whether Indiana's mortgage by publication statute satisfied the Due Process Clause.); *Charter Crude Oil Co. v. Petroleos Mexicanos (In re Charter Co.)*, 125 B.R. 650 (M.D. Fla. 1991) (In this bankruptcy case, the court was not dealing with 11 U.S.C. § 523 but rather, the issue was whether a creditor of a chapter 11 debtor had been provided proper notice of an upcoming claims bar date.); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 70 S.Ct. 652 (1950) (In this non-bankruptcy case, the issue was whether a statutory notice provision fell short of due process requirements.).

[6]    *Aetna Cas. & Sur. Co. Of Ill. v. Wilson (In re Wilson)*, 200 B.R. 72, 74 (Bankr. M.D. Fla. 1996), dealt with notice under 11 U.S.C. § 523, but unlike the present case, in *Wilson* there was "no evidence in this record to show that the Debtor knew or could have known" of the creditor or its potential claim. Similarly, in *Lottes*, the claim *and* the creditor were not known to the debtor. *Attorneys Title Ins. Fund, Inc. v. Lottes (In re Lottes)*, 226 B.R. 634 (Bankr. E.D. Mo. 1998).

in "a voluntary case commenced by an individual debtor whose debts are primarily consumer debts, the clerk or some other person as the court may direct shall give the trustee and all creditors notice by mail of the order for relief within 20 days from the date thereof." In a voluntary case, the filing of a petition constitutes an order for relief. 11 U.S.C. § 301(b).

In other words, the clerk gives notice by mail to creditors who appear on the debtor's schedules and mailing matrix. Obviously the clerk uses the information provided by the debtor in determining to whom to mail notice. That is one of the reasons why one of the debtor's obligations is to file a list of creditors. 11 U.S.C. § 521(a)(1)(A). To address the situation where a creditor is a minor, the Supreme Court has promulgated Fed. R. Bankr. P. 1007(m). Because Benjamin is the creditor, the statute requires that he be listed. Rule 1007(m) provides that if the debtor knows that a person on the list of creditors or schedules is an infant[7] or incompetent person, the debtor shall *also* include the name, address, and legal relationship of any person upon which process would be served in an adversary proceeding against the infant or incompetent person in accordance with Rule 7004(b)(2). Because Kathryn knew that Benjamin was a minor, she was required to list Benjamin's name and his address, and the name, address, and relationship of another person, who would meet the criteria set out in Rule 7004(b)(2). Even assuming that Kathryn is right that in an adversary proceeding she could have served Daniel as Benjamin's parent,[8] she did not comply

---

[7]     "Infant" is the legal word for a person under the age of majority. We have used the synonymous, but more common, word "minor."

[8]     Because of our disposition of this appeal on other grounds, we need not delve into the issue of whether Iowa law would allow service of process on a parent

9

with her duties as a debtor because she neither listed Benjamin nor, when she listed Daniel, did she indicate his relationship to Benjamin. Section 523 helps enforce these requirements by conditioning dischargeability of a debt on proper scheduling or listing by the debtor.

So the proper inquiry in this case is not one of notice, but one of listing. Admittedly, Kathryn did not list or schedule Benjamin at all even though she knew his name. Nor did Kathryn list anyone in his or her capacity as Benjamin's legal representative.

## CONCLUSION

Congress has charged debtors with the duty to list creditors, which the clerk then uses to provide notice in accordance with Fed. R. Bankr. P. 2002(f). The burden falls on the debtor to list *all* creditors. A creditor is the holder of a claim, and a claim is a right to payment, even if it is unliquidated or disputed. 11 U.S.C. § 101(10); 11 U.S.C. § 101(5). Thus, in listing or scheduling creditors, it is inappropriate for the debtor to make decisions about whether or not there is any merit to the creditor's claim. It is incumbent upon the debtor to list each and every entity which has or may assert a claim against her. Kathryn obviously knew Benjamin's name, she was aware of the incident which gave rise to his claim, and the fact that she made a decision based on her feelings about the merits of his case or the fact that he had not yet asserted his claim or even that she had forgotten about the incident are not excuses

---

with whom a minor does not reside and from whom the minor is estranged.

10

recognized by § 523(a)(3). We reverse the bankruptcy court's order and judgment and remand for proceedings consistent with this opinion.[9]

---

<hr>

[9] Because the bankruptcy court ruled in Kathryn's favor on the issue of proper scheduling, it did not decide whether there was a debt for a willful and malicious injury.