# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 8, 2011

Lyle W. Cayce
Clerk

No. 11-30283

MARY SALARD, as tutor, on behalf of L.A.S., on behalf of S.S.,

Plaintiff-Appellant

v.

GREG A. SALARD,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-749

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Mary Salard ("Ms. Salard") sued her former husband, Defendant-Appellee Greg A. Salard ("Dr. Salard"), in state court, alleging that he had sexually abused the couple's minor children L.A.S. and S.S. Following removal on grounds of diversity, the district court granted summary judgment to Dr. Salard, ruling that this claim had been discharged in his Chapter 7 bankruptcy. We affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30283

## I.  FACTS & PROCEEDINGS

Dr. and Ms. Salard divorced in February 2007.  In December 2007, Ms. Salard filed a motion in Louisiana state court to terminate joint custody on the grounds that Dr. Salard had sexually abused L.A.S.  Since August 2008, Dr. Salard has been precluded from having any contact with his minor children.[1]

Dr. Salard filed for bankruptcy in the District of Alaska on August 28, 2009.  Ms. Salard was listed in Dr. Salard's bankruptcy schedules as a creditor holding claims for child support and alimony.  The schedules did not refer to any sexual abuse claims.  The bankruptcy court then issued a notice to Dr. Salard's creditors, including Ms. Salard, stating: "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts: 12/21/09."  That deadline was extended twice, first to January 31, 2010, and then to February 28, 2010.

On December 28, 2009, Ms. Salard filed a letter in Dr. Salard's bankruptcy case stating that she did not think that Dr. Salard should be able to declare bankruptcy because he is a medical doctor with a considerable income.  She also indicated that Dr. Salard's bankruptcy would leave her with large credit card and tax liabilities.  The letter, however, made no reference to the allegations that Dr. Salard sexually abused L.A.S. and S.S., and there is no indication that Ms. Salard brought those allegations to the attention of the bankruptcy court in any manner.  The bankruptcy court granted Dr. Salard's discharge on May 10, 2010.

On April 12, 2010, Ms. Salard, as tutrix of L.A.S. and S.S., brought this suit on their behalves against Dr. Salard in Louisiana state court, after which it was removed to federal court on diversity grounds.  The district court granted summary judgment to Dr. Salard, holding that his bankruptcy discharged the

---

[1] On December 30, 2009, the Arkansas Department of Human Services found insufficient evidence that Dr. Salard had sexually abused L.A.S.

No. 11-30283

claims that are the subject of this suit.  Ms. Salard timely filed a notice of appeal.

## II.  STANDARD OF REVIEW

We review the district court's grant of summary judgment *de novo*, applying the same standard as the district court.[2]

## III.  ANALYSIS

A Chapter 7 bankruptcy discharge generally frees the debtor from all existing debts, regardless of whether the creditor files a proof of claim.[3]  One exception is for claims of willful and malicious injury by the debtor.[4]  Such claims are not dischargeable if they are not listed in the debtor's schedules "in time to permit . . . timely filing of a proof of claim and timely request for a determination of dischargeability . . . unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]"[5]  In other words, a claim for willful and malicious injury that the debtor does not schedule in a timely manner is dischargeable only if the creditor has timely notice or actual knowledge of the bankruptcy case and fails to act on her rights.[6]  Under Bankruptcy Rule 4007(c), an objection to the discharge of a debt must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  This rule forces a creditor who learns of a bankruptcy case to act

---

[2] *First Am. Bank v. First Am. Transp. Title Ins. Co.*, 585 F.3d 833, 836–37 (5th Cir. 2009).

[3] 11 U.S.C. § 727(b).

[4] *Id.* § 523(a)(6).

[5] *Id.* § 523(a)(3)(B).

[6] *Id.* § 523(c)(1) (claim for willful or malicious injury is dischargeable if the conditions of § 523(a)(3)(B) are not met).

3

promptly, which "enables the debtor and creditors to make better-informed decisions early in the proceedings."[7]

Ms. Salard neither filed proof of her childrens' sexual abuse claims nor requested a determination that they were not dischargeable in Dr. Salard's bankruptcy case. She nevertheless contends that her childrens' claims are not dischargeable because Dr. Salard did not list his children as creditors or their sexual abuse claims as liabilities. Dr. Salard's failure to schedule these claims is not dispositive, however. An unscheduled claim for willful and malicious injury is nonetheless dischargeable if the creditor fails to act despite having "notice or actual knowledge of the case." We have ruled, for example, that a creditor's actual knowledge of a bankruptcy case renders a claim dischargeable, even if the notice that the creditor received was deficient.[8]

Ms. Salard had notice or actual knowledge of Dr. Salard's bankruptcy in plenty of time to file a proof of claim and request for determination of dischargeability. As she was listed as a creditor, the bankruptcy court sent Ms. Salard notice of the case, including the deadline for contesting the dischargeability of a debt. Ms. Salard obviously received that notice or otherwise knew about the case, as she sent a letter to the bankruptcy court on December 28, 2009. Ms. Salard does not dispute that she was aware of her childrens' claims at that time, which was two years after she had asserted in Louisiana state court that Dr. Salard had abused L.A.S. Ms. Salard therefore had ample

---

[7] *Neeley v. Murchison*, 815 F.2d 345, 346-47 (5th Cir. 1987).

[8] *Id.* at 347 (claim was discharged because of creditor's actual knowledge, despite court's failure to give 30 days notice of deadline for contesting dischargeability as required by Bankruptcy Rule 4007(c)); *see also In re Medaglia,* 52 F.3d 451, 454 (2d Cir. 1995) (formal notice was not required to render claim dischargeable under § 523(a)(3)(B)); *In re Alton*, 837 F.2d 457, 460 (11th Cir. 1988) ("mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice").

No. 11-30283

time and knowledge to assert her childrens' claims in Dr. Salard's bankruptcy case.

Further, Ms. Salard was the proper person to bring those claims, and to receive notice on her childrens' behalf. Under Louisiana law, when a marriage is dissolved, an unemancipated minor child is placed under the authority of a tutor.[9] On divorce, the natural tutor is the parent under whose care the child has been placed.[10] Ms. Salard became the sole natural tutrix of L.A.S. and S.S. when the children were placed in her sole custody in August of 2008. Ms. Salard was therefore the proper person to receive notice on her children's behalf[11] and to assert her childrens' rights.[12] As the Seventh Circuit has held, it is presumed that notice of a bankruptcy case to which a minor child is entitled may be sent to the minor's parent.[13] That presumption fails if there is a conflict of interest between the parent and minor or if other circumstances suggest that such notice would be inadequate,[14] but no circumstances of those kinds are present here.

Ms. Salard was the proper person to receive notice and to act for her minor children, but she did not file a proof of claim or request a determination of dischargeability on her childrens' behalf. That failure is unfortunate for L.A.S.

---

[9] LA. CIV. CODE art. 246.

[10] *Id.* art. 250.

[11] *Hall v. Courtney*, 165 So. 458, 462 (La. 1936).

[12] LA. CODE CIV. PROC. art. 4061.1(A)(2); *id.* art. 4262.

[13] *Matter of Chicago, Rock Island and Pacific R. Co.*, 788 F.2d 1280, 1283 (7th Cir. 1986) (holding that minor's claim was dischargeable because mother received notice of bankruptcy); s*ee also In re Harbaugh*, 301 B.R. 317, 321 (B.A.P. 8th Cir. 2003) (assuming that mother's notice or actual knowledge of bankruptcy case would require discharge of child's claim under § 523(a)(3)(B)); *but see In re Mitchell*, 418 B.R. 282, 288 (B.A.P. 8th Cir. 2009) (holding that debtor's failure to list minor child as creditor precluded dischargeability of minor's claim, despite debtor's listing of minor's parent).

[14] *Chicago, Rock Island and Pacific R. Co.*, 788 F.2d at 1283.

No. 11-30283

and S.S., who raise extremely serious claims and who were not at fault for their mother's failure to assert those claims timely in their father's bankruptcy case. We nevertheless must conclude that these claims against Dr. Salard have been discharged.

## IV.  CONCLUSION

Ms. Salard's claims on behalf of her minor children L.A.S. and S.S. were discharged in Dr. Salard's bankruptcy case.  Therefore, the judgment of the district court is

AFFIRMED.