In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-2864

ANDREA M. CHILDRESS,

*Plaintiff-Appellant,*

*v.*

EXPERIAN INFORMATION SOLUTIONS, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cv-01529-TWP-DKL — **Tanya Walton Pratt**, *Judge.*

ARGUED MAY 27, 2015 — DECIDED JUNE 23, 2015

Before POSNER, MANION, and HAMILTON, *Circuit Judges.*

POSNER, *Circuit Judge.* The Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, provides that "if any case arising or filed under Title 11 [the Bankruptcy Code] is withdrawn by the consumer before a final judgment, the consumer reporting agency shall include in the report that such case or filing was withdrawn upon receipt of documentation certifying such withdrawal." 15 U.S.C. § 1681c(d)(1). The Act further provides that "whenever a consumer reporting agency pre-

pares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." § 1681e(b).

The plaintiff and her husband (they are now divorced, and he is not participating in this litigation) had filed a petition for bankruptcy under Chapter 13 of the Bankruptcy Code, but later they filed a timely motion in the bankruptcy court to dismiss the petition, and the court granted the motion. That was in 2006. The defendant, a consumer credit-reporting agency, receives copies of judgments in bankruptcy cases from Lexis (which in turn retrieves them from PACER—short for Public Access to Court Electronic Records, a service that provides online access to federal court and docket information) and notes them in the credit reports of persons who have filed bankruptcy petitions. The agency reported the plaintiff's bankruptcy petition "dismissed," which was what the judgment terminating the bankruptcy case had caused to be done.

In 2009 the plaintiff's lawyer demanded that the agency remove all reference to her bankruptcy because it had been dismissed at her behest. The agency refused. In 2012 she told the agency: "my bankruptcy was not dismissed. It was voluntarily withdrawn prior to plan approval." The agency then purged the reference to the bankruptcy from her file, but did so because it would soon be seven years since she had filed her bankruptcy petition and the agency deletes reference to a bankruptcy in a consumer credit report after 7 years have elapsed since the petition for bankruptcy was filed. (The Fair Credit Reporting Act requires that reporting agencies purge bankruptcy records 10 years after the filing

date, but the major credit-reporting agencies purge them after 7 years instead.) There is no indication that had it not been for the lapse of time the agency would have added to her credit report a notation that the petition for bankruptcy had been withdrawn. But since the bankruptcy was purged from her file we needn't decide whether her letter alerting the reporting agency that the dismissal had been voluntary would count as "documentation certifying … withdrawal" of the petition for bankruptcy. 15 U.S.C. § 1681c(d)(1).

Her suit charges that by failing to report from the outset (that is, in 2006) that the bankruptcy petition had been voluntarily withdrawn, the agency had willfully violated the provisions of the Fair Credit Reporting Act that we cited earlier. She seeks the damages that the Act provides, in 15 U.S.C. § 1681n(a), for willful violations of its provisions. And she seeks to sue on behalf not only of herself but also on behalf of all similarly situated persons. But the district court granted summary judgment in favor of the credit agency without deciding whether to certify a class.

The grant of summary judgment was correct. The key provisions of the two sections of the Fair Credit Reporting Act that we quoted at the outset of this opinion are that the agency must report that the bankruptcy petition was withdrawn "upon receipt of documentation certifying such withdrawal" and must "follow reasonable procedures to assure maximum possible accuracy of the information concerning the" person who had filed for bankruptcy. In 2006, when the plaintiff's bankruptcy petition was withdrawn, no documentation certifying such withdrawal was or had been submitted to the agency. The plaintiff argues that the agency shouldn't (despite the statute) require such documentation,

but instead should monitor all dismissals of bankruptcy petitions and investigate to determine whether they were dismissed at the request of the petitioner. A Lexis representative testified, however, that the variance in bankruptcy docket entries from bankruptcy court to bankruptcy court is so great—and there are 94 bankruptcy courts—that Lexis has been unable to develop reliable computer algorithms for determining the basis on which a particular bankruptcy case has been dismissed. What the plaintiff wants would thus require a live human being, with at least a little legal training, to review every bankruptcy dismissal and classify it as either voluntary or involuntary. That's a lot to ask—too much when one considers the alternative, which is for the agency to act only upon receiving information from the bankruptcy petitioner indicating that the petition has indeed been voluntarily dismissed. That approach is not only consistent with but implied by the phrase "upon receipt of documentation certifying such withdrawal."

We noted at the outset of this opinion that the Fair Credit Reporting Act requires only that the procedures adopted by credit-reporting agencies be "reasonable" in relation to the goal of accurate credit reporting. The procedure urged by the plaintiff is not "reasonable." It would put an enormous burden on the consumer credit-reporting agencies. Or so it seems; it was the plaintiff's burden to establish the reasonableness of her proposed procedure.

There is more that is wrong with her case. Every bankruptcy case that is "withdrawn" at the request of the petitioner is dismissed. There was therefore no inaccuracy in the statement in the plaintiff's credit report that her bankruptcy petition had been dismissed. Nor is the fact that such a peti-

tion is dismissed at the petitioner's request a reliable sign that she decided not to stiff her creditors by seeking a discharge—she may have dismissed the petition because she thought she'd be denied a discharge. To make a consumer credit report fully precise would require an investigation that went far beyond merely noting whether the petition for bankruptcy had been dismissed at the petitioner's request. The plaintiff does not want that; nor has she shown that it would be a feasible task to lay on the consumer credit-reporting agencies.

AFFIRMED