# United States Court of Appeals
### For the Eighth Circuit

_____

No. 20-3425
_____

Anders Rydholm

*Plaintiff - Appellant*

v.

Equifax Information Services LLC

*Defendant*

Experian Information Solutions, Inc.; Trans Union, LLC

*Defendants - Appellees*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: May 10, 2022
Filed: August 16, 2022
_____

Before ERICKSON, MELLOY, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

Anders Rydholm commenced this action against two credit reporting agencies ("CRAs"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union"), for alleged violations of the Fair Credit Reporting Act, 15 U.S.C.

§ 1681 et seq. ("FCRA").  The district court[1] dismissed the complaint for failure to state plausible claims.  We affirm.

## I.    BACKGROUND

Rydholm filed a petition in bankruptcy under Chapter 7 on May 14, 2019.  His bankruptcy schedules listed a Wells Fargo credit card ending in *1765 as an unsecured nonpriority claim of $7,977.  The bankruptcy court entered a discharge order a little over three months later.

On November 6, 2019, Rydholm obtained credit reports from both Experian and Trans Union.  The Trans Union report detailed in the public records section that Rydholm had received a discharge, but it still listed the *1765 account as "Current; Paid or Paying as Agreed" with an outstanding balance of $7,986.  The report from Experian also listed the account as open with the same balance.  While the Experian report noted that Rydholm had filed for bankruptcy, it did not mention the discharge in the public records section.  Notwithstanding the *1765 account, Rydholm's other bankruptcy debts appeared as discharged.

In March 2020, Rydholm sued Experian and Trans Union, claiming the CRAs violated 15 U.S.C. § 1681e(b) because they "do not maintain reasonable procedures to ensure debts that are derogatory prior to a consumer's bankruptcy filing do not continue to report balances owing or past due amounts when those debts are almost certainly discharged in bankruptcy."  Rydholm requested damages for credit denials, less favorable borrowing rates, and emotional distress.  The CRAs jointly moved to dismiss the complaint, contending Rydholm failed to plausibly allege their reporting

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

procedures were unreasonable.[2]  The district court granted the motion and dismissed the case with prejudice.

## II.    DISCUSSION

We review *de novo* the grant of a motion to dismiss for failure to state a claim. Monday Rests. v. Intrepid Ins. Co., 32 F.4th 656, 658 (8th Cir. 2022).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  We accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Gorog v. Best Buy Co., 760 F.3d 787, 792 (8th Cir. 2014).  But we do not credit "legal conclusions . . . or a formulaic recitation of the elements of a cause of action."  United States ex rel. Ambrosecchia v. Paddock Lab'ys, LLC, 855 F.3d 949, 955 (8th Cir. 2017) (quoting Iqbal, 556 U.S. at 678).

### A.    Standing

The CRAs contest Rydholm's standing for the first time on appeal.  "Although the district court did not address the issue, 'we have an obligation to assure ourselves of litigants' standing under Article III.'"  Ojogwu v. Rodenburg L. Firm, 26 F.4th 457, 461 (8th Cir. 2022) (alteration omitted) (quoting Frank v. Gaos, 586 U.S. ___, 139 S. Ct. 1041, 1046 (2019) (per curiam)).  The lone disputed standing element here is whether Rydholm has adequately pled a concrete injury in fact.  See Spokeo, Inc. v. Robins, 578 U.S. 330, 339-40 (2016).

The complaint alleges that Rydholm experienced emotional distress and "has been denied credit several times and obtained credit at less favorable rates due to the reporting by [the CRAs]."  At the pleadings stage, general factual allegations suffice

---

[2]A third defendant, Equifax Information Services LLC, settled with Rydholm before the district court ruled on the motion to dismiss.

to support standing. Jones v. Jegley, 947 F.3d 1100, 1104 (8th Cir. 2020). Drawing reasonable inferences for Rydholm leads to the assumption that his Trans Union and Experian credit reports were disseminated to third parties. See TransUnion LLC v. Ramirez, 594 U.S. ___, 141 S. Ct. 2190, 2210 (2021) (holding that "mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm"). The tangible financial harm and intangible emotional injury he pleads are sufficient to establish standing. Schumacher v. SC Data Ctr., Inc., 33 F.4th 504, 509 (8th Cir. 2022); see also Am. Farm Bureau Fed'n v. EPA, 836 F.3d 963, 968 (8th Cir. 2016) (noting that for standing purposes, "we must assume that on the merits the plaintiffs would be successful in their claims" (citation and internal quotation marks omitted)).

## B.      Failure to State a Claim

Even so, Rydholm's complaint is too thin to raise a plausible entitlement to relief. The FCRA is not a strict liability statute. Hauser v. Equifax, Inc., 602 F.2d 811, 814-15 (8th Cir. 1979). It simply tells CRAs to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b). As a result, § 1681e(b) "does not hold a [CRA] responsible where an item of information, received from a source that it reasonably believes is reputable, turns out to be inaccurate unless the agency receives notice of systemic problems with its procedures." Sarver v. Experian Info. Sols., 390 F.3d 969, 972 (7th Cir. 2004). Such notice may—but need not always—originate from the suing consumer: "CRAs must look beyond information furnished to them when it is inconsistent with [their] own records, contains a facial inaccuracy, or comes from an unreliable source." Wright v. Experian Info. Sols., Inc., 805 F.3d 1232, 1239 (10th Cir. 2015) (collecting cases).

Here, Rydholm's complaint presents a bare legal conclusion that Experian and Trans Union employed unreasonable reporting procedures. There are no allegations that the CRAs knew or should have known about systemic problems. For example, Rydholm never directly contested the continued reporting of his credit card balance

with either Experian or Trans Union. And he does not assert that Wells Fargo lacked reliability as a source. Nor was the reported account balance facially inaccurate or inconsistent with preexisting records. Though both CRAs had notice of Rydholm's general discharge, that fact alone is insufficient to trigger a duty to investigate. The bankruptcy code provides numerous exceptions to discharge, 11 U.S.C. § 523, and even authorizes a debtor to reaffirm certain obligations afterwards, id. § 524(c). See In re Mitchell, 418 B.R. 282, 285 (B.A.P. 8th Cir. 2009) (observing that "[a] debtor's chapter 7 discharge discharges most, but not all, of [his] debts"). Absent notice that the discharge specifically included the *1765 account, neither CRA had information contrary to what Wells Fargo reported to them.

The practical effect of finding a § 1681e(b) violation here would be to require CRAs to wade into individual bankruptcy dockets to discern whether a debt survived discharge. Consumers file hundreds of thousands of Chapter 7 bankruptcy petitions every year. Just the Facts: Consumer Bankruptcy Filings, 2006-2017, U.S. Courts, https://www.uscourts.gov/news/2018/03/07/just-facts-consumer-bankruptcy-filings -2006-2017 (last visited July 5, 2022). We join our sister circuits in rejecting the invitation to mandate that CRAs hire individuals with legal training to preemptively determine the validity of reported debts. See Wright, 805 F.3d at 1241; Childress v. Experian Info. Sols., Inc., 790 F.3d 745, 747 (7th Cir. 2015). Simply put, "the cost of verifying the accuracy of the source" outweighs "the possible harm inaccurately reported information may cause" a consumer. Henson v. CSC Credit Servs., 29 F.3d 280, 287 (7th Cir. 1994). The FCRA requires reasonable—not perfect—procedures. That Rydholm's credit reports may have "contained inaccurate information is not in itself sufficient for the imposition of liability." Hauser, 602 F.2d at 814.

Finally, Rydholm objects to the district court entering judgment without first affording him leave to amend his complaint. "[A] district court in granting a motion to dismiss is not obliged to invite a motion for leave to amend if plaintiff did not file one." United States v. Mask of Ka-Nefer-Nefer, 752 F.3d 737, 742 (8th Cir. 2014). Rydholm forfeited the ability to amend his pleadings.

## III.   CONCLUSION

The complaint fails to plausibly allege FCRA claims against Trans Union and Experian.  We affirm the district court's judgment.

KOBES, Circuit Judge, dissenting.

I would dismiss Rydholm's appeal for lack of standing.

"A party invoking federal jurisdiction must support each of the standing requirements with the same kind and degree of evidence at the successive stages of litigation as any other matter on which a plaintiff bears the burden of proof." *Const. Party of S.D. v. Nelson*, 639 F.3d 417, 420 (8th Cir. 2011) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).  Because of that principle, in *Lujan* the Supreme Court noted that "[a]t the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we 'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  504 U.S. at 561 (quoting *Lujan v. National Wildlife Fed.*, 497 U.S. 871, 889 (1990) (in turn citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957))) (cleaned up).  Relying on *Lujan*, some panels have continued to hold, as the majority does today, that general factual allegations are sufficient to establish standing.  *See, e.g.*, *Jones v. Jegley*, 947 F.3d 1100, 1103 (8th Cir. 2020); *Const. Party of S.D.*, 639 F.3d at 420.

But *Lujan* was decided in 1992—a decade and a half before the Supreme Court recharacterized the pleading standards in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  In those cases, the Supreme Court abrogated the permissive pleading regime of *Conley v. Gibson* in favor of a higher standard that requires plaintiffs to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570).

Because the pleading standards are now more stringent, the "kind and degree of evidence" necessary to establish standing at the pleading stage is also heightened. *See Const. Party of S.D.*, 639 F.3d at 420. General factual allegations are not sufficient. Rather, as other panels have recognized, "a plaintiff must allege sufficient factual matter, accepted as true, to support a reasonable and plausible inference that she satisfies the elements of Article III standing." *Hawse v. Page*, 7 F.4th 685, 688–89 (8th Cir. 2021); *accord Young Am.'s Found. v. Kaler*, 14 F.4th 879, 888 n.7 (8th Cir. 2021); *Stalley ex rel. United States v. Cath. Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007) ("The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims (here, the right to jurisdiction), rather than facts that are merely consistent with such a right.").

Rydholm's conclusory allegations fall short of this threshold. Though he alleged to have lost credit opportunities and received less favorable credit terms, Rydholm provided no facts to belay that claim—like who received his credit report, which opportunities he was denied, or what terms he received that were less favorable. His "'unadorned, the-defendant-unlawfully-harmed-me accusation[s]' are not entitled to the assumption of truth" and do not plausibly demonstrate that he suffered concrete injury. *Auer v. Trans Union, LLC*, 902 F.3d 873, 878 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). This is also true for Rydholm's alleged emotional injury. While he claims to have suffered "emotional distress, humiliation, and mental anguish," Rydholm failed to plead any facts suggesting that the defendants' actions caused that harm. His "naked assertions" of emotional harm, "devoid of further factual enhancement," are insufficient to establish an injury. *Iqbal*, 556 U.S. at 678 (quotation omitted) (cleaned up); *accord Auer*, 902 F.3d at 878.

Because he did not plausibly allege an injury, Rydholm lacks Article III standing. The district court dismissed the complaint with prejudice, ruling on the merits of the 12(b)(6) motion. A dismissal for lack of standing, however, is without prejudice. *Dalton v. NPC International, Inc.*, 932 F.3d 693, 696 (8th Cir. 2019). As

a result, I would reverse and remand to dismiss the complaint without prejudice. I therefore dissent from the majority's opinion.

_____